GEORGE L. THORNDIKE, administrator, *vs.* WELLS MEMORIAL
ASSOCIATION.

Suffolk.   March 14, 1888. — May 4, 1888.

Present : MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Action — Party Wall — Demand — Interest.*

If the adjoining owners of city lots in an agreement for a party wall to be built
by one of them provide that the other, upon using it, shall pay the one building
it for the portion used, the value to be fixed by an appraisal by third persons,
a demand for payment, and an action to recover therefor, before such an ap-
praisal is made, or something done to prevent or avoid it, are premature.

Interest is not recoverable on the sum due, either from the date when the use
began, or from that of the demand.

CONTRACT to recover one half the cost of a party wall.   Writ
dated November 23, 1886.   At the trial, without a jury, in
the Superior Court, before *Mason,* J., the following facts were
agreed.

On June 19, 1880, William H. Thorndike, the plaintiff's in-
testate, and Caroline A. Brewer, trustee, being the owners of
adjoining lots of land in Boston, entered into an agreement in
writing, which provided that Thorndike should build the wall
for the benefit of both lots ; that for that purpose he might en-
ter upon and use so much of Brewer's lot as might be requisite,
provided the wall should be begun and finished within a year.
from the date of the agreement ; that Brewer should have the
right to elect to build the wall in like manner, if Thorndike
failed so to do ; and that " whichever of said owners shall build
such wall, the owner of the adjoining parcel, when using the
same, shall pay the then market value of so much of said wall as
he, she, or they shall use, such market value at the time of such
use to be ascertained by the appraisal of two or more competent
builders."

Thorndike built the wall in 1880, and the defendant, who
claimed title under Brewer, began to use it on August 1, 1882,
such use being notorious and known to Thorndike.   Thorndike
died on December 26, 1884, and the plaintiff, having been duly
appointed administrator of his estate, on or about December 10,

1885, made a demand on the defendant for payment of the sum due under the agreement. No attempt had been made by the parties to ascertain by appraisement the value of the portion used ; but it was agreed that the market value of one half of so much of the wall as the defendant used was $1,566.40, on August 1, 1882, and that it had not varied from that amount. The defendant tendered to the plaintiff the sum of $1,600, and subsequently paid it into court.

The plaintiff asked the judge to rule, that he was entitled to interest either from August 1, 1882, or from the date of his demand upon the defendant for payment, but the judge refused so to rule, and found for the defendant. The plaintiff alleged exceptions.

*A. D. Bosson*, for the plaintiff.

*F. V. Balch & F. Rackemann*, for the defendant.

C. ALLEN, J. The sum which the defendant was bound to pay, upon using the wall, was " the then market value of so much of said wall as he, she, or they shall use, such market value at the time of such use to be ascertained by the appraisal of two or more competent builders." Until an appraisement by builders, or until something done by the defendant to prevent or avoid it, the defendant was in no such default as to entitle the plaintiff to maintain an action upon the agreement. The contract did not make it the duty of the defendant to go forward and appoint appraisers, of its own motion, independently of the plaintiff's concurrence, and without any request to that effect from the plaintiff. The plaintiff's demand of payment was therefore premature, because the sum to be paid was not ascertained. *Haley* v. *Bellamy*, 137 Mass. 357. *Hood* v. *Hartshorn*, 100 Mass. 117. *Humaston* v. *Telegraph Co.* 20 Wall. 20, 28. *Thurnell* v. *Balbirnie*, 2 M. & W. 786. *Clarke* v. *Westrope*, 18 C. B. 765, 785. The plaintiff's demand did not entitle him to interest, the sum due to him being unliquidated. *Palmer* v. *Stockwell*, 9 Gray, 237.

*Exceptions overruled.*