DANIEL F. GRADY *vs.* HOME FIRE AND MARINE INSURANCE CO.

JANUARY 26, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst JJ.

(1)    *Fire Insurance.    Arbitration.    Condition Precedent.*

Where a policy of fire insurance in the standard form as prescribed by General Laws, chapter 183, contained a provision for ascertaining the amount of loss by arbitration, and provided further that no suit on the policy should be sustainable until after full compliance by the insured with such

requirement, such provisions constitute a condition precedent to any right of action by the insured.

(2)   *Fire insurance.   Arbitration.   Condition precedent.*

Where there is a valid agreement between an insurer and the insured that in case of loss no action shall be sustainable until the amount of loss has been first ascertained by arbitration, it is incumbent upon the plaintiff to prove performance or a valid excuse for non-performance.   An attempted arbitration which failed without fault on the part of the insurer is not such a compliance with the contract as will permit the plaintiff to maintain an action.

ASSUMPSIT.   The facts are stated in the opinion.   Heard on defendant's petition for a new trial.

JOHNSON, J.   The action was upon a policy of fire insurance which contained the following provisions:

"This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality; said ascertainment or estimate shall be made by the insured and this company, or, if they differ, then by appraisers, as hereinafter provided; and, the amount of loss or damage having been thus determined, the sum for which this company is liable pursuant to this policy shall be payable sixty days after due notice, ascertainment, estimate, and satisfactory proof of the loss have been received by this company in accordance with the terms of this policy.   It shall be optional, however, with this company to take all, or any part, of the articles at such ascertained or appraised value, and also to repair, rebuild, or replace the property lost or damaged with other of like kind and quality within a reasonable time on giving notice, within thirty days after the receipt of the proof herein required, of its intention so to do; but there can be no abandonment to this company of the property described. . . .

"In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two com-

petent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss.   .   .   .

"This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required.   .   .   .

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

The property covered by this policy having been destroyed by fire, the parties entered into an agreement of submission to arbitration, in accordance with the terms of the policy.  The arbitrators selected appointed an umpire and proceeded with the appraisal.

An award in writing, dated April 23, 1902, was signed by the two arbitrators and the umpire.  Subsequently one of the arbitrators erased his name and appended the following memorandum: "Signature erased a/c disagreement 5–27–'02."

The defendant offered to abide by the award, although admitting its insufficiency; and, its offer in that regard being rejected, demanded a new appraisal and named its arbitrator. The plaintiff refused to submit to a new appraisal, and subsequently this action was commenced.   ·

The declaration contained no reference to the arbitration clause of the policy nor to the attempted arbitration under it. The defendant filed the general issue only.  The parties, how-

ever, stipulated that the defendant might, under the general issue, make any defence which it might make under any plea in bar, of which the defendant should give the plaintiff notice in writing, "and especially the defence that the parties failed to agree as to the amount of loss, and therefore a determination of the amount of loss by appraisers is a condition precedent to the plaintiff's right of action and that no such determination has been made."

It was admitted by the parties that the award was not in accordance with the provisions of the agreement of submission to arbitration, and was invalid.

The case was tried with a jury in the Common Pleas Division, and at the close of the testimony the defendant moved the court to direct a verdict upon the following grounds:

1. That, upon the evidence, an appraisal in accordance with the terms of the policy is a condition precedent to the right of the plaintiff to recover.

2. That, there having been an agreement for arbitration, and the arbitration having failed without the fault of either party, the plaintiff must comply with the defendant's request for a resubmission before he can maintain his action.

This motion was denied, and the defendant thereupon excepted.

The defendant then presented to the presiding justice requests to charge the jury as follows:

" 1. By the terms of the policy the determination of the amount of the loss by arbitration is a condition precedent to the plaintiff's right to sue, and in order to recover it is incumbent upon the plaintiff either to aver and prove the determination of the amount of the loss in that manner or to aver and prove facts which excuse him from procuring such determination by arbitration.

" 2. Where an attempt has been made by the insured and the company to have the amount of loss determined by arbitration in accordance with the terms of the policy and the arbitration fails without misconduct on the part of the company and the company seasonably notifies the assured that it requires arbitration in accordance with the terms of the policy

and names an arbitrator, no action will lie against the company until such arbitration shall be had or shall have failed through the misconduct of the company.

"3. The notice from the company to the assured that arbitration is required by it and the nomination by the company of an arbitrator as disclosed by the evidence was seasonable."

The court granted the third of these requests, but refused the first and second requests, and the defendant excepted.

The jury returned a verdict for the plaintiff for $960.83, and the case is now before us on the defendant's petition for a new trial upon the grounds of the refusal of the presiding justice to direct a verdict for the defendant and his refusal to direct and charge the jury in accordance with the first and second requests above quoted.

It is well settled, both in this country and in England, that a stipulation in a contract providing that all controversies and disputes which may subsequently arise between the parties shall be settled by arbitration is invalid because its effect would be to oust the courts of their jurisdiction. It is, however, equally well settled that if the arbitration agreement relates only to some preliminary matter, such as the ascertainment and determination of the amount of damages to be recovered, and does not apply to the whole question of liability, such an agreement providing a reasonable and definite method for choosing arbitrators is valid and enforceable. *Hamilton* v. *Liverpool &c. Ins. Co.*, 136 U. S. 242; *Scott* v. *Avery,* 5 H. L. Cas. 811; *Chippewa Lumber Co.* v. *Ins. Co.*, 80 Mich. 116; *Fisher* v. *Merchants' Ins. Co.* (Me.), 50 Atl. Rep. 282; *Wolff* v. *Ins. Co.*, 50 N. J. L. 453; *Levine* v. *Ins. Co.*, 66 Minn. 138; *Westenhaver* v. *Ins. Co.* (Iowa), 84 N. W. Rep. 717; *Viney v. Bignold*, 20 Q. B. D. 172; *Del. & Hud. Canal Co.* v. *Penn. Coal Co.*, 50 N. Y. 250; *Reed* v. *Washington Ins. Co.*, 138 Mass. 572, 576; *Hall* v. *Norwalk Ins. Co.*, 57 Conn. 105, 114. See also *Brown* v. *Roger Williams Ins. Co.*, 5 R. I. 394, pp. 401–2.

Furthermore, the policy in this case was in the standard form prescribed by chapter 183 of the General Laws and even if the validity of such a stipulation were less strongly supported by

the authorities, it could not well be argued that a contract made in the express terms required by the statute was void as against public policy.

A provision in a contract, that preliminary matters about which differences may arise between the parties, shall be determined by arbitration, may go to the extent of making such determination a condition precedent to a right of action upon the contract, or may be simply a collateral and independent agreement which will not be a bar to an action on the principal contract, but would be a basis for a separate action in case of breach.

In *Fisher* v. *Merchants' Ins. Co.*, *supra* (pp. 282–3), the court says: "The general principle is, as decided in *Roper* v. *Lendon*, 1 El. & El. 825, that such a condition in a contract to refer any question which may arise out of the contract will be, if so stated, a condition precedent to the right to sue on the contract; but, unless the condition expressly stipulates that until arbitration had no action shall be brought, its performance is not precedent to the right to sue on the contract. . . . And it is settled beyond controversy that, when the contract provides that no action upon it shall be maintained until after such an award, then the award is a condition precedent to the right of action."

In *Hamilton* v. *Liverpool &c. Ins. Co.*, *supra* (p. 255), Mr. Justice Gray, speaking to this very point, says: "Such a stipulation, not ousting the jurisdiction of the courts, but leaving the general question of liability to be judicially determined, and simply providing a reasonable method of estimating and ascertaining the amount of the loss, is unquestionably valid, according to the uniform current of authority in England and in this country. . . . The case comes within the general rule long ago laid down by this court: 'Where the parties, in their contract, fix on a certain mode by which the amount to be paid shall be ascertained, as in the present case, the party that seeks an enforcement of the agreement must show that he has done everything on his part which could be done to carry it into effect. He can not compel the payment of the amount claimed, unless he shall procure the kind of evidence required by the

contract, or show that by time or accident he is unable to do so.' *U. S.* v. *Robeson*, 9 Pet. 319, 327."

In the contract before us the parties have stipulated that "the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required," and also that "no suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements." These provisions clearly constitute a condition precedent to the right of action. *Hamilton v. Liverpool &c. Ins. Co., supra; Fisher* v. *Merchants' Ins. Co., supra; Hood v. Hartshorn*, 100 Mass. 117; *Reed* v. *Washington Ins. Co., supra; Hutchinson* v. *Ins. Co.*, 153 Mass. 143; *Levine* v. *Insurance Co., supra; Westenhaver v. Ins. Co., supra..*

A valid agreement, therefore, having been made by the parties that in case of loss no action shall be sustainable until the amount of loss has been first ascertained in the manner provided in the policy, the question arises whether the attempted arbitration, which it is admitted failed without the fault of the defendant, was such a compliance with the contract as will permit the plaintiff to maintain this action, which is brought to recover, not the award contemplated by the contract, but such loss or damage as he has sustained irrespective of the award. We think that it clearly is not. If the arbitration had failed through the fault of the defendant, the case would be different. There is, however, no allegation that the defendant was at fault in the matter or that arbitration had become impossible. This very question was decided in *Fisher* v. *Merchants' Ins. Co., supra*, in which the court said (p. 284): "A determination by arbitration of the amount of loss having been especially made by the parties a condition precedent to any right of action for recovery of damages for the loss, it was incumbent upon the plaintiff to prove performance or a valid excuse for nonperformance. An ineffectual attempt to perform is not a compliance with such a condition in a contract, when no reason is shown why there should not have been full performance. If

the award of the arbitrators was invalid, as claimed by the plaintiff, for the reasons set out in the amended declaration, it was the duty of the plaintiff to seek a new determination of the amount of his loss in the manner provided by the contract. The action in such a case is upon the policy, but the damages recoverable are such as have been previously ascertained and determined by the arbitrators, unless the plaintiff shows some sufficient reason why such a determination could not have been obtained. Consequently there can be no action until performance of the condition or excuse shown for non performance; and it is not sufficient to show an award which the plaintiff repudiates, and is not willing to be bound by."

The same question was decided in *Levine* v. *Ins. Co., supra,* in which it was said (p. 149): "The law also, undoubtedly, is that under such a provision, if an award be set aside for misconduct of the arbitrators, not participated in or caused by the insurer, the agreement for an appraisement still remains in force, and a new appraisement, unless it had become impossible, would still be a condition precedent to a right of action on the policy, unless waived."

In *Westenhaver* v. *Ins. Co., supra,* the court said (p. 720): "Ascertainment of the amount of loss by appraisement was a condition precedent to a right of action, and, if the appraisers selected failed to agree on a third, this does not in itself justify a suit for the amount of the loss. In the absence of bad faith or acts intended to defeat arbitration on the part of the insurer, the plaintiff must propose the selection of other arbitrators, to the end that an award may be agreed upon, and the basis for action determined." To the same effect are *Carroll* v. *Ins. Co.,* 72 Cal. 297; *Hood* v. *Hartshorn, supra; Thorndike* v. *Wells Memorial Ass'n.,* 146 Mass. 619 ; and *Davenport* v. *Ins. Co.,* 10 Daly, 535.

The cases relied on by the plaintiff do not support his contention. Those which are in point clearly recognize the distinction between a collateral and independent provision for arbitration and one which makes an award a condition precedent to the right of maintaining an action upon the contract.

In *Pepin* v. *Societe St. Jean Baptiste*, 23 R. I. 84, the by-law

under consideration required every contestation between the society and a member to be referred to a committee whose decision should be final. Such a contract is clearly invalid, as ousting the courts of their jurisdiction, and was so held.

In *Stephenson* v. *Piscataqua F. & M. Ins. Co.*, 54 Me. 55, the court clearly recognized the distinction made by the authorities, saying (p. 70): "While parties may impose, as a condition precedent to application to the courts, that they shall first have settled the amount to be recovered by an agreed mode, they can not entirely close the access to the courts of law."

*Chippewa Lumber Co.* v. *Phenix Ins. Co.* is clearly in point, and supports our conclusion. We have cited it *supra*. In passing upon an arbitration provision, substantially like the one in the case at bar, the court says (p. 121): "Plaintiff and defendant deliberately agreed to this method of ascertaining the damages. . . . They deliberately provided a penalty for failure to comply with this obligation. If plaintiff refused compliance, then it could not bring suit. If defendant refused compliance, then suit could be brought against it immediately. We hold the agreement reasonable and legal. It is sustained by the clear weight of authority."

In *Liverpool &c. Ins. Co.* v. *Creighton*, 51 Ga. 95, the court, speaking of such a stipulation, says (p. 110) it does not bar the insured of his right of action without such reference, "unless the stipulation amounts to a condition precedent to his right to resort to the courts, or makes such submission the only mode by which the amount of damage is to be ascertained, or by which the liability of the company can be fixed. Either of these two latter provisions would, at last, be equivalent to making the submission a condition to be performed before suit."

In *Reed* v. *Washington Ins. Co.*, *supra*, the court say of the provision in the policy before it (p. 576–7): "and it is simply an agreement to refer that matter to arbitration, without any agreement by the plaintiff not to sue. There is nothing to bring it within any of the cases in which a provision to refer has been held to be a condition, such as *Scott* v. *Avery* . . . in England, and *Hood* v. *Hartshorn*, *ubi supra*, in this Commonwealth."

In *Mutual Fire Ins. Co. v. Alvord,* 9 C. C. A. 623, the court says (p. 626): "It is undoubtedly true that a policy of insurance may contain a valid provision which prohibits the insured from maintaining an action until the amount of loss shall have been first submitted to arbitration, and an award shall have been made. In such a case the determination of the amount by arbitration is recognized as a condition precedent to the right to bring suit. . . . But, in order to make such award a condition precedent to the right of maintaining suit, it must be so expressed in the policy or necessarily implied from its terms. A mere provision in the policy that the amount to be paid, in case of disagreement, shall be submitted to arbitration, does not prevent the insured from maintaining an action, unless the policy further provides that no action shall be maintained until after award. . . . There is nothing in the terms of this policy which expressly or by implication forbids the insured from bringing suit until after the amount of loss has been submitted to arbitration and an award has been made, and therefore we must consider the provisions in the policy relating to this subject as constituting a collateral and independent agreement, and not one which was a condition precedent to the right of maintaining an action."

The plaintiff argues that, in accordance with the general rule, the agreement is revocable at any time before an award is made. That, however, does not help the plaintiff. A revocation of the authority of the arbitrators would only stop the proceedings under that arbitration. The provision of the policy requiring an award as a condition precedent to a right of action would still be in force. The revocation, therefore, would only make it necessary to begin the arbitration anew.

An award by arbitration having been made by the policy a condition precedent to the right of action, it was incumbent on the plaintiff to allege and prove such award; or, if the award was invalid, then to allege and prove either that the amount of loss had been determined by other arbitrators selected according to the provisions of the policy, or that for some valid reason such determination had become unnecessary or impossible.

The request that a verdict be directed for the defendant

should have been granted.   And when the case was given to the jury the instructions requested should have been given.

Defendant's exceptions sustained.   Petition for new trial granted.   Case remitted to the Superior Court with direction to enter judgment for the defendant.

*Edward D. Bassett and George H. Raymond,* for plaintiff.

*Cyrus M. Van Slyck and Frederick A. Jones,* for defendant.