**Louis MANGIACAPRA**

v.

**SENTRY INSURANCE COMPANY.**

**84–145–Appeal.**

Supreme Court of Rhode Island.

Nov. 18, 1986.

Ronald J. Resmini, Providence, for plaintiff.

Thomas C. Angelone, Hodosh Spinella & Angelone, Providence, for defendant.

OPINION

KELLEHER, Justice.

This dispute arises out of an award made by an arbitration panel. The plaintiff was

---

a passenger in a motor vehicle that was struck by a stolen car. The occupants of the stolen vehicle fled the scene of the collision. The plaintiff seeks recovery pursuant to the uninsured-motorist portion of his automobile-liability policy. The arbitrators awarded the plaintiff the sum of $25,000 plus "whatever legal interest is allowed by law."

A Superior Court justice confirmed the arbitrator's $25,000 award but remanded the interest issue back to the arbitration panel with a direction that it compute interest in accordance with the terms of G.L. 1956 (1969 Reenactment) § 9–21–10, as amended by P.L. 1981, ch. 54, § 1. In his written decision the trial justice observed that there was nothing in the insurance agreement that would preclude an award of interest.

While there are other facets of the award being challenged before us, the sole issue meriting any comment is the question of the imposition of interest. The insurer relies on the holding in *Factory Mutual Liability Insurance Company of America v. Cooper*, 106 R.I. 632, 262 A.2d 370 (1970), where the court ruled that an insurer was not obligated to pay prejudgment interest in excess of the policy limits.

A simple response to this reliance is to point out the fact that the uninsured-motorist-insurance provision, if indeed there was one in the policy, was not an issue in the case. It should also be emphasized that the panel's award was made a year prior to the holding in *Paola v. Commercial Union Assurance Companies*, 461 A.2d 935, 937 (R.I. 1983), where this court declared that "arbitrators should add prejudgment interest to their awards unless the parties specifically provide otherwise by agreement."

In reaching this conclusion we relied on the interest provisions of §§ 9–21–10 and 10–3–18 of the state's arbitration act, which shows that an arbitration judgment is to have the same force and in effect can be subject to all the provisions of law relating to judgments in an action in law. We also stress that another factor in reaching that conclusion was the court's holding in *Westminster Construction Corp. v. PPG Industries, Inc.*, 119 R.I. 205, 211, 376 A.2d 708, 711 (1977), where it was indicated that "arbitrators may award interest, even if not claimed, unless otherwise specifically provided by the parties in the agreement." The thrust of the message attempted to be conveyed when those three reliance factors are combined, to wit § 9–21–10, § 10–3–18, and the holding in the *Westminster* case, is that the imposition of interest in arbitration proceedings is a matter addressed to the arbitrators and that we shall accord the finding made in this area by an arbitrator or arbitrators the same deference that we have given to them in the past.

While we do not dispute the remand by the trial justice, we do believe that the remand should be in words of discretion rather than those of command. Accordingly, this case is remanded to the arbitration panel for its reconsideration of the interest issue in accordance with what has been said in this opinion. We shall retain jurisdiction in this controversy and await the arbitrator's response to the interest issue.