**George V. WARADZIN**

v.

**AETNA CASUALTY AND
SURETY COMPANY.**

**No. 88–483–A.**

Supreme Court of Rhode Island.

Feb. 23, 1990.

Bradford Gorham, Gorham & Gorham, Inc., Providence, for plaintiff.

Dennis J. Roberts, II, Roberts, Carroll, Feldstein & Tucker, Providence, for defendant.

Before FAY, C.J., and KELLEHER, WEISBERGER, MURRAY and SHEA, JJ.

OPINION

SHEA, Justice.

This case comes before us on appeal from a decision by a trial justice in the Superior Court confirming an arbitration award. We affirm.

On February 22, 1984, a fire took place on the premises of a North Providence company, called Wear/Friction Control, Inc. (Wear/Friction). The fire destroyed the business, and the next day certain equipment salvaged from the fire was stolen from the premises. At the time of the fire, Wear/Friction had insurance coverage with defendant, Aetna Casualty and Surety Company (Aetna), against loss by fire and theft and for business interruption. The fire loss was settled, but the theft and business interruption losses were not. Aetna made partial payments on both the theft and the business-interruption-loss claims but refused full payment. Because of a business reorganization George Waradzin (Waradzin), plaintiff in this case, asserts that he was assigned the claims by Wear/Friction.[1]

Since the dispute could not be resolved, the matter was referred to the dispute-resolution procedure called for by the policy under the heading "Appraisal." The provision read as follows:

"In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser * * *. The appraisers shall first select a competent and disinterested umpire * * *. The appraisers shall then

1. The plaintiff Waradzin asserts the following business reorganization. Wear/Friction changed its name to Rhode Island Technical Plating, Inc. Subsequently Waradzin sold his shares of Rhode Island Technical Plating, Inc., to another person. As part of the sale, Rhode Island Technical Plating, Inc., assigned all its rights to the insurance claims covered by this case to Waradzin. He brought suit in his capacity as assignee.

appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss."

Pursuant to the procedure outlined in the insurance policy, an umpire and two appraisers were selected. On March 9, 1988, the proceeding resulted in the following award:

"1. We find the amount of the business interruption loss to be $217,373 including $108,007 already paid.

"2. We find the amount of the theft loss to be $71,400 including $23,900 already paid and the $1,000 deductible.

"3. We award interest at the rate of 12% on the amount due on the business interruption claims from August 23, 1984 and on the amount due on the theft claim from June 28, 1984."

█ Pursuant to the provisions of G.L. 1956 (1985 Reenactment) § 10–3–11 plaintiff commenced suit in Superior Court on June 7, 1988, to confirm the arbitration award. Aetna moved to modify or correct the award arguing that the prejudgment interest that the arbitrators had added to their award was not within their authority. The court, however, denied the motion. The matter was then assigned to the formal and special cause calendar on the application for confirmation of the arbitrators' award. The defendant challenged the award of prejudgment interest and also argued that the court's determination that the appraisal-evaluation proceeding was subject to arbitration confirmation proceedings was incorrect. Specifically, defendant contended that the appraisal procedure called for under the policy was not the same as arbitration and, therefore, not subject to the arbitration confirmation procedure outlined in G.L.1956 (1985 Reenactment) § 10–3–11. The court rejected these arguments and upheld the award. Judgment was entered on October 4, 1988. The defendant appealed the decision and raises the same arguments on appeal to

this court that it made at the confirmation proceeding.

This court has recognized that an "appraisal" procedure can be equated with "arbitration." *See Grady v. Home Fire and Marine Insurance Co.*, 27 R.I. 435, 63 A. 173 (1906). In *Grady* the court considered whether the plaintiff could proceed in court against the insurance company before going through the appraisal procedure outlined in the insurance policy. The fire insurance policy provided that

"[i]n the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss * * *."

█ In its discussion of the issues on appeal under the policy, the court in *Grady* used the terms "arbitration" and "appraisal" interchangeably. The pertinent policy provision in the present case is nearly identical to that in *Grady*, and likewise we hold that the appraisal procedure called for in the policy in this case is arbitration. What labels are used in describing the procedure called for in a policy are not controlling. Rather we believe it is the substance of the transaction that determines its character. *Couch on Insurance 2d* § 50:5 at 165 (Rev. ed. 1982). Consequently, we hold that the arbitration confirmation proceeding was appropriate in this case.

In addition, in this case defendant recognized the valuation proceedings as arbitration in several of its pleadings. In its own motion to modify or correct award, Aetna makes reference to "Arbitrators" and the "Arbitrators' Award." Further, when plaintiff referred to the proceedings in his application to confirm as "arbitration," defendant admitted these allegations in its answer. Aetna made no objection to the

characterization of the proceedings until it was time to confirm the award. This court has recognized that a party wishing to object to the arbitrability of a dispute must state his objection on those grounds at the arbitration hearing or refuse to submit to the process and pursue his remedy in court.[2] *Providence Teachers' Union Local 958—American Federation of Teachers v. Providence School Committee*, 433 A.2d 202, 204 (R.I.1981).

■ The defendants also argue on appeal that the award of prejudgment interest was not within the arbitrators' authority. Specifically they argue that the arbitrators are limited to the policy terms that call for an appraisal of "actual cash value or the amount of loss" and that pre-judgment interest does not come under this provision.

It is well settled in Rhode Island that awarding interest is within arbitrators' authority. *Mangiacapra v. Sentry Insurance Co.*, 517 A.2d 1041 (R.I.1986); *Paola v. Commercial Union Assurance Companies*, 461 A.2d 935 (R.I.1983). In *Mangiacapra* we noted that arbitrators may add prejudgment interest to their awards unless the parties specifically provide otherwise by agreement. 517 A.2d at 1042. In the absence of a specific limitation by the parties on interest, we find that the terms of the policy in this case do not prohibit the awarding of prejudgment interest.

Accordingly the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

**2.** Although we realize that this principle has been established through labor-arbitration cases, we find it equally applicable in this case.