June 20, 2018

**Supreme Court**

No. 2017-334-Appeal.
(NC 16-487)

Epic Enterprises LLC et al.      :

v.      :

The Bard Group, LLC.      :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Epic Enterprises LLC et al.          :

                    v.                    :

The Bard Group, LLC.          :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**  This case came before the Supreme Court on May 9, 2018, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  The defendant, The Bard Group, LLC (defendant), appeals from a final judgment granting summary judgment in favor of the plaintiffs, Epic Enterprises LLC, Donna R. Morvillo, Kurt Rauschenbach, and Kristin Rauschenbach (collectively plaintiffs).  After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that this case should be decided without further briefing or argument.  We affirm the judgment of the Superior Court.

### Facts and Travel

This dispute concerns a thirteen-unit condominium complex known as "10 Brown & Howard Wharf Condominium" (the condominium) located near Thames Street in Newport, Rhode Island.  The condominium was created by declaration dated August 12, 2014, and recorded on August 29, 2014, in the Newport land evidence records.  The defendant owns nine of the thirteen condominium units and is therefore the majority owner with 70.8 percent of the

voting share. The plaintiffs own the remaining four units and have 29.2 percent of the voting share. The original declaration permitted only "Retail/Office," "Office," or "Residential" uses in the condominium. Specifically, Article 2.2(ff) expressly prohibited a restaurant use: "<u>NO</u> commercial kitchens or the preparation of or the service of food for consumption onsite shall be allowed."

However, on December 23, 2016, defendant, as the majority-interest holder, unilaterally adopted and recorded a "second amendment" to the declaration that removed the language in Article 2.2(ff) that prohibited commercial kitchens and food service. In doing so, the second amendment expressly included "Restaurant Use" as a new permitted use relative to the units owned by defendant. The second amendment, in relevant part, stated: "Notwithstanding anything to the contrary contained herein or in this Declaration, Units 103, 104, 105, 106 and 107 may have commercial kitchens and be used for the purpose of Restaurant Use." The defendant also applied to the Newport City Council for a victualing license and to transfer a Class BV alcoholic beverage license for a restaurant that it intended to establish in its units.

The plaintiffs, in opposition to the second amendment, filed this declaratory judgment action in the Superior Court seeking a declaration that the second amendment was invalid and that to be valid, the adoption of the second amendment required unanimous consent of all the owners pursuant to G.L. 1956 § 34-36.1-2.17(d). The parties filed cross-motions for summary judgment. The defendant argued that, because § 34-36.1-2.17(d) deals only with the restriction of uses, and because the second amendment in this case did not restrict the use or occupancy of any unit, the second amendment was valid.

On May 1, 2017, a hearing was held on the motions; the hearing justice ruled that there were no genuine issues of material fact in the case. The hearing justice acknowledged that the

original declaration expressly prohibited the use of restaurants and that the second amendment changed that use to specifically allow for restaurant service. The hearing justice reviewed § 34-36.1-2.17(d) and concluded that the statute was clear and unambiguous. The hearing justice held that the statute required a change in use to be approved by the unanimous consent of all unit owners. Accordingly, the hearing justice granted plaintiffs' motion for summary judgment and declared that the second amendment was invalid because unanimous consent from all unit owners was required to adopt the amendment and that no condominium units could be converted into a restaurant and bar without the unanimous consent of all unit owners. The defendant filed a timely notice of appeal.

## Standard of Review

This Court "review[s] a ruling on a motion for summary judgment *de novo*." *Pimentel v. Deutsche Bank National Trust Co.*, 174 A.3d 740, 743 (R.I. 2017). "We will affirm a [trial] court's [summary judgment] decision only if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Newstone Development, LLC v. East Pacific, LLC*, 140 A.3d 100, 103 (R.I. 2016). A matter that hinges on statutory interpretation is ripe for summary judgment. *Progressive Casualty Insurance Co. v. Dias*, 151 A.3d 308, 312 n.6 (R.I. 2017). Furthermore, when reviewing the applicability of a statute, this Court interprets the statute *de novo*. *Id.* at 311.

## Analysis

Before this Court, defendant contends that the second amendment to the declaration does not require unanimous approval by all unit owners because it does not prohibit or materially restrict the use, occupancy, or behavior within individually-owned units, nor does it deprive

- 3 -

minority-interest unit owners of any property rights. The defendant further argues that the declaration always allowed a restaurant use because "[t]he [d]eclaration plainly and unambiguously provides that 'uses as may be allowed by the Zoning Ordinance of the City of Newport * * * shall also be allowed * * *.'"

In response, plaintiffs argue that § 34-36.1-2.17(d) unambiguously requires unanimous approval of all condominium unit owners for an amendment to a declaration that changes a prior restricted use of any unit. The plaintiffs argue that the second amendment changed the use of the units and therefore required unanimous approval. Lastly, plaintiffs contend that the language in the declaration under the definition of retail use, which permits retail uses that are allowed under the Newport zoning ordinances, is only a general provision and does not prevail over the specific language of the declaration that prohibits commercial kitchens and food services.

This Court reviews "questions of statutory interpretation *de novo*." *State v. Hazard*, 68 A.3d 479, 485 (R.I. 2013) (quoting *Campbell v. State*, 56 A.3d 448, 454 (R.I. 2012)). "In matters of statutory interpretation our ultimate goal is to give effect to the purpose of the act as intended by the Legislature." *Webster v. Perrotta*, 774 A.2d 68, 75 (R.I. 2001). "It is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Alessi v. Bowen Court Condominium*, 44 A.3d 736, 740 (R.I. 2012) (quoting *Waterman v. Caprio*, 983 A.2d 841, 844 (R.I. 2009)).

The disputed statute on appeal, § 34-36.1-2.17(d), titled "Amendment of declaration," provides that:

> "Except to the extent expressly permitted or required by other provisions of this chapter, *no amendment* may create or increase special declarant rights, increase the number of units, change the boundaries of any unit, the allocated interests of a unit, *or the uses*

- 4 -

> *to which any unit is restricted*, *in the absence of unanimous consent of the unit owners*." (Emphasis added.)

We deem this statute to be clear and unambiguous, and therefore we construe the language of the statute in accordance with its plain and ordinary meaning. *Alessi*, 44 A.3d at 740. We conclude that § 34-36.1-2.17(d) clearly states that no amendment to a declaration may change the use to which a unit or units is restricted without the unanimous approval of *all* unit owners.

In the case at bar, the original declaration expressly prohibited a restaurant use. Specifically, Article 2.2(ff) of the condominium declaration stated that "<u>NO</u> commercial kitchens or the preparation of or the service of food for consumption onsite shall be allowed." The defendant, unilaterally and without the approval of all unit owners, adopted a second amendment that deleted the language of Article 2.2(ff). The second amendment of the declaration indeed changed what was previously a restricted use in the condominium to a permitted use. Therefore, for this amendment to be valid, unanimous approval of all unit owners was required pursuant to § 34-36.1-2.17(d), but was never achieved. Thus, we conclude that the second amendment to the declaration was invalid. Accordingly, we affirm the judgment of the Superior Court.

## Conclusion

For the reasons set forth herein, we affirm the judgment of the Superior Court. The papers in this case may be remanded to the Superior Court.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Epic Enterprises LLC et al. v. The Bard Group, LLC. |
| **Case Number** | No. 2017-334-Appeal.<br>(NC 16-487) |
| **Date Opinion Filed** | June 20, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Newport County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Brian Van Couyghen |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Turner C. Scott, Esq.<br>Roland F. Chase, Esq. |
| | For Defendant:<br><br>Michael J. Richards, Esq. |

SU-CMS-02A (revised June 2016)