March 10, 2025

**Supreme Court**

No. 2024-67-Appeal.
(PM 23-1946)

New England Property Services     :
         Group, LLC

           v.           :

Vermont Mutual Insurance      :
         Company.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov of any typographical or other formal errors in order that corrections may be made before the opinion is published.

New England Property Services　　:
　　　Group, LLC

　　　　　v.　　　　　　　　　　　:

Vermont Mutual Insurance　　　　:
　　　Company.

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Lynch Prata, for the Court.**  The plaintiff, New England Property Services Group, LLC (plaintiff), appeals from a January 23, 2024 order denying the plaintiff's motion to reconsider a denial of the plaintiff's petition to confirm an appraisal award.  The Superior Court granted the defendant, Vermont Mutual Insurance Company's (defendant), cross-petition to vacate the award based on partiality on the part of the plaintiff's appraiser.  This Court directed the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the parties' written and oral submissions, and carefully reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth herein, we affirm the order of the Superior Court.

## Facts and Travel

On October 24, 2022, defendant received a claim under a homeowners' insurance policy issued to Brandy Hamel and Scott Parker (the insureds) for loss caused by wind damage to the insured's property located in Greenville, Rhode Island. The insureds engaged plaintiff to complete the repairs at their home in exchange for the assignment of their insurance claim to plaintiff. The defendant processed the claimed loss and provided an estimate to plaintiff. The plaintiff disagreed with the estimate and invoked the appraisal process established in the insurance agreement.

The appraisal clause in the contract provides:

> "If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the 'residence premises' is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss."

Steven Ceceri (Ceceri), the principal of plaintiff, was appointed by plaintiff as its appraiser for the dispute. The defendant appointed Vincent Cicci (Cicci) as its own appraiser. According to the terms of the appraisal clause, Ceceri and Cicci were

to agree on a person to serve as appraisal umpire. The two men could not agree, and Felix Carlone (Carlone) was appointed as umpire by the Superior Court.

The appraisal concluded with an award signed by Ceceri and Carlone, with Cicci refusing to sign, according to defendant, because he believed that the award was not supported by the facts presented. On August 10, 2023, plaintiff filed a petition to confirm the appraisal award under Rhode Island's Arbitration Act, G.L. 1956 chapter 3 of title 10 (the Arbitration Act), in the Superior Court. The defendant filed a cross-petition to vacate the award under § 10-3-12(2)—a subsection of the Arbitration Act—arguing that Ceceri was ineligible to serve as appraiser for plaintiff because of his financial interest in a potential award.

The Superior Court entered an order granting defendant's cross-petition to vacate the appraisal award and denying plaintiff's petition to confirm the appraisal award pursuant to § 10-3-11. The plaintiff did not appeal this order; instead, it filed a motion to reconsider under Rule 60(b) of the Superior Court Rules of Civil Procedure.[1] The plaintiff asserted in its motion that the dispute could not be considered arbitration because the insurance contract did not mandate that a party's

---

[1] In its motion to reconsider, plaintiff sought a declaration that the judgment was void under Rule 60(b)(4) of the Superior Court Rules of Civil Procedure because the Court did not possess subject-matter jurisdiction. While this Court does not recognize a motion to reconsider, we will treat said motion as a motion to vacate. *School Committee of City of Cranston v. Bergin-Andrews*, 984 A.2d 629, 649 (R.I. 2009).

appraiser be "disinterested," a requirement present in other homeowners' insurance disagreements subject to arbitration. The plaintiff also contended that defendant "agreed to appraise the claims under enforceable terms that do not provide for arbitration" and that the appraisal award cannot be converted into a final judgment. After defendant objected, the Superior Court denied plaintiff's motion. In his decision, the hearing justice determined that the omission of the term "disinterested" from the insurance contract did not negate the categorization of the appraisal process as arbitration. He also noted that plaintiff participated in the appraisal proceeding without objection until after the hearing justice granted defendant's motion to vacate the award. Specifically, he declared that plaintiff "continuously promoted" the appraisal proceedings as arbitration throughout the process. The plaintiff filed a timely notice of appeal.

On appeal, plaintiff submits that the Superior Court lacked jurisdiction to vacate the award under the Arbitration Act since the policy did not require that the appraisers be disinterested. The plaintiff further argues that defendant waived its right to use the standards of G.L. 1956 § 27-5-3[2] and the Arbitration Act as a defense

---

[2] General Laws 1956 § 27-5-3 is Rhode Island's "form of standard policy" for fire insurance policies issued in the state. On appeal, plaintiff submits that "[t]he public policy and statutory purpose which led to the inclusion of the appraisal provision in § 27-5-3 has been served, as the [insurance policy] provides for a speedy and efficient appraisal, so that the doctrine of waiver can be properly applied to the case at bar."

to the validity of the appraisal award. The defendant counters that the appraisal proceeding is an arbitration under the Arbitration Act because the clause at issue is substantially similar to those held to be arbitration in *Grady v. Home Fire and Marine Insurance Company*, 27 R.I. 435, 63 A. 173 (1906), and *Waradzin v. Aetna Casualty and Surety Company*, 570 A.2d 649, 650 (R.I. 1990); that plaintiff is estopped from now claiming the appraisal was not an arbitration after originally seeking to invoke the Arbitration Act to confer jurisdiction on the Superior Court to confirm the award; and that waiver is inapplicable to the instant dispute because subject-matter jurisdiction cannot be waived and § 27-5-3 is irrelevant to the Superior Court's jurisdiction to confirm, vacate, or modify awards under the Arbitration Act where an appraisal constitutes arbitration.

**Standard of Review**

"This Court reviews *de novo* an appeal from a denial of a motion to vacate a judgment where the motion is based on an allegation that the judgment is void pursuant to Rule 60(b)(4)." *In re Quigley*, 21 A.3d 393, 398 (R.I. 2011). "Such a motion is not addressed to the discretion of the Superior Court justice because 'a judgment is either valid or it is not and discretion plays no part in resolving the issue.'" *Id.* (brackets omitted) (quoting *Nisenzon v. Sadowski*, 689 A.2d 1037, 1047 (R.I. 1997)). To this point, "if the judgment is void, the movant has an unqualified right to relief." *Id.* (brackets omitted) (quoting *Shannon v. Norman Block, Inc.*, 106

R.I. 124, 130, 256 A.2d 214, 218 (1969)). "Accordingly, a Rule 60(b)(4) motion may be brought at any time." *Id.*

"For a judgment to be vacated as void under Rule 60(b)(4), 'the court entering the judgment' either must have 'lacked jurisdiction' or 'the court's action must have amounted to a plain usurpation of power constituting a violation of due process.'" *McLaughlin v. Zoning Board of Review of Town of Tiverton*, 186 A.3d 597, 606 (R.I. 2018) (brackets and emphasis omitted) (quoting *Allstate Insurance Co. v. Lombardi*, 773 A.2d 864, 869 (R.I. 2001)).

Additionally, "[a] challenge to subject-matter jurisdiction questions the very power of the court to hear the case." *E.T. Investments, LLC v. Riley*, 262 A.3d 673, 676 (R.I. 2021) (quoting *Decathlon Investments v. Medeiros*, 252 A.3d 268, 270 (R.I. 2021)). "[A] challenge to subject matter jurisdiction may not be waived by any party and may be raised at any time in the proceedings." *Id.* (quoting *Federal National Mortgage Association v. Malinou*, 101 A.3d 860, 866 (R.I. 2014)). This Court "review[s] *de novo* whether a court has subject-matter jurisdiction over a particular controversy." *Id.* (quoting *Decathlon*, 252 A.3d at 270). "[L]ike subject matter jurisdiction, the question of arbitrability may be raised by the parties at any time * * *." *State Department of Corrections v. Rhode Island Brotherhood of Correctional Officers*, 115 A.3d 924, 929 (R.I. 2015) (quoting *Woonsocket*

*Teachers' Guild, Local 951, AFT v. Woonsocket School Committee*, 770 A.2d 834, 837 (R.I. 2001)).

"'[S]ubject-matter jurisdiction' is often misused; 'when properly used, it refers only to a court's power to hear and to decide a particular case, and not to whether a court, having the power to adjudicate, should exercise that power.'" *Cronan v. Cronan*, 307 A.3d 183, 191 (R.I. 2024) (brackets and deletion omitted) (quoting *Cranston Teachers Association v. Cranston School Committee*, 120 R.I. 105, 108-09, 386 A.2d 176, 178 (1978)). "[T]here is a fine distinction between the absence of jurisdiction and the exercise of jurisdiction." *McLaughlin*, 186 A.3d at 606.

## Discussion

The plaintiff first argues that defendant has "waived its right to rely on the standards of § 27-5-3" because it accepted premiums under the policy and it likewise cannot use the Arbitration Act as a defense. The plaintiff asserts that the public policy behind § 27-5-3—which is efficient resolution of insurance disputes—has been served by the appraisal proceeding, so waiver can be applied to bar defendant from challenging its result. The plaintiff further avers that Rhode Island has not universally equated appraisal with arbitration and that the Arbitration Act does not apply to this appraisal proceeding. Specific to this dispute, plaintiff states that there is no valid arbitration clause because defendant did not require that the arbitrators

be disinterested and/or impartial. The plaintiff submits that the appraisal clause cannot be viewed as a valid arbitration provision because "[a]n ordinary purchaser understands arbitration as a process conducted by competent and impartial adjudicators that hear arguments and act like judges in resolving a dispute."

By contrast, defendant asserts that the appraisal proceeding was akin to arbitration, making the award enforceable. The defendant points to both *Grady* and *Waradzin* and submits that the appraisal provisions present there are substantially similar to the one in this case. The defendant advances that the failure to include "disinterested" when referencing the appraisers does not "so radically transform the substance of the transaction" to take it out of the arbitration context. Further, defendant avers that the substance of plaintiff's petition to confirm the award was that the appraisal clause is arbitration, a clear concession that plaintiff now tries to distance itself from. The defendant concludes that "the language's conformity to a separate and distinct standard form insurance policy statute has no bearing on the application of the Arbitration Act to any appraisal award * * *."

Importantly, plaintiff is not appealing the granting of defendant's cross-petition to vacate or the denial of plaintiff's petition to confirm. The plaintiff, instead, sought to void the order—through a motion to reconsider—and argued that the Superior Court lacked subject-matter jurisdiction to vacate the award. Therefore, the threshold question we must answer is whether the Superior Court had

- 8 -

subject-matter jurisdiction to rule on the parties' respective petitions addressing the appraisal award.

"When considering claims for lack of subject-matter jurisdiction, we are 'refer[ring] only to the court's power to hear and decide a case and not to whether a court having the power to adjudicate should exercise that power.'" *DeMarco v. Travelers Insurance Company*, 102 A.3d 616, 621 (R.I. 2014) (brackets omitted) (quoting *Narragansett Electric Co. v. Saccoccio*, 43 A.3d 40, 44 (R.I. 2012)). "The Superior Court of Rhode Island is a trial court of general jurisdiction. It is granted subject-matter jurisdiction over all cases unless that jurisdiction has been conferred by statute upon another tribunal." *Barone v. O'Connell*, 785 A.2d 534, 535 (R.I. 2001) (quoting *Chase v. Bouchard*, 671 A.2d 794, 796 (R.I. 1996)). According to G.L. 1956 § 8-2-14, "the superior court shall have * * * exclusive original jurisdiction of all other actions at law in which the amount in controversy shall exceed the sum of ten thousand dollars * * *." Section 8-2-14.

Here, the Superior Court clearly had jurisdiction over plaintiff's petition to confirm the appraisal award, as the amount in controversy substantially exceeds the $10,000 required to confer exclusive original jurisdiction on the Superior Court.[3] Section 8-2-14. The plaintiff's assertion that the Superior Court lacked jurisdiction

---

[3] Counsel for plaintiff acknowledged at oral argument that no other forum would have jurisdiction over the instant dispute.

- 9 -

to vacate the award, after it sought the exercise of that jurisdiction, is puzzling. *See Gallop v. Adult Correctional Institutions*, 182 A.3d 1137, 1142 (R.I. 2018) ("This Court has drawn a distinction between subject-matter jurisdiction and the authority of the court to proceed."). These inconsistent arguments stem from a conflation between the Superior Court's subject-matter jurisdiction to adjudicate the dispute and the way in which it exercised that jurisdiction in ultimately vacating the award. No argument has been made that this controversy should have been addressed in another forum. The argument advanced is that this appraisal award does not fall under the Arbitration Act because defendant failed to include the word "disinterested" in the appraisal clause of the insurance agreement. The reliance of the hearing justice on the Arbitration Act does not divest the Superior Court of jurisdiction. The plaintiff's argument is an attempt to show that the Superior Court committed an error of law, an attempt that fails to convince this Court.

In the Superior Court, plaintiff filed a petition to confirm the appraisal award under the Arbitration Act, specifically, § 10-3-11. Seeking a more favorable outcome after the Superior Court denied that petition and instead granted defendant's cross-petition to vacate the award, plaintiff now challenges its previous position that this particular appraisal award falls under the Arbitration Act. The plaintiff's counsel categorized this about-face as a "mistake" at oral argument. This is a clear attempt to repackage a losing argument.

The plaintiff's theory that the omission of the word "disinterested" in the policy takes the dispute out of the Arbitration Act is likewise misplaced. "This Court reviews questions of statutory interpretation *de novo*." *Sosa v. City of Woonsocket*, 297 A.3d 120, 124 (R.I. 2023) (quoting *Epic Enterprises, LLC v. Bard Group, LLC*, 186 A.3d 587, 589 (R.I. 2018)). "In matters of statutory interpretation our ultimate goal is to give effect to the purpose of the act as intended by the legislature." *Id.* (quoting *Epic Enterprises, LLC*, 186 A.3d at 589-90). "It is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Id.* (quoting *Epic Enterprises, LLC*, 186 A.3d at 590).

"It is an equally fundamental maxim of statutory construction that statutory language should not be viewed in insolation." *Sosa*, 297 A.3d at 124 (quoting *In re Brown*, 903 A.2d 147, 149 (R.I. 2006)). "When performing our duty of statutory interpretation, this Court considers the entire statute as a whole; individual sections must be considered in the context of the entire statutory scheme, not as if each section were independent of all other sections." *Id.* (brackets omitted) (quoting *In re Brown*, 903 A.2d at 149).

The Arbitration Act authorizes the Superior Court to hear petitions to confirm an arbitration award so long as it is within one year of the award. *See* § 10-3-11. Section 10-3-12 provides that a court must vacate an award "upon the application of

- 11 -

any party to the arbitration: * * * (2) [w]here there was evident partiality or corruption on the part of the arbitrators, or either of them." Section 10-3-12. Notably, there is no requirement in the statute that the arbitrators be disinterested; rather, they are prohibited from engaging in partiality or corruption. *Id.* Accordingly, plaintiff's position that the appraisal proceeding cannot be considered arbitration because plaintiff's appraiser was not disinterested fails. *See id.* We have previously "recognized that an 'appraisal' procedure can be equated with 'arbitration.'" *Waradzin*, 570 A.2d at 650. In *Grady*, we referred to "arbitration" and "appraisal" interchangeably. *Id.* There, the fire insurance policy at issue stated:

> "[I]n the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss * * *." *Grady*, 27 R.I. at 436-37, 63 A. at 173.

This Court in *Waradzin* then noted that the policy provision it was evaluating was nearly identical to that from *Grady* and held that the appraisal procedure was arbitration. *Waradzin*, 570 A.2d at 650. The Court declared "[w]hat labels are used in describing the procedure called for in a policy are not controlling. Rather we believe it is the substance of the transaction that determines the character." *Id.*

- 12 -

Here, the policy language at issue is nearly the same as that analyzed in *Grady* and *Waradzin*. The plaintiff, however, focuses on the omission of "disinterested" from the appraisal clause and asserts that the appraisal process was not arbitration for this reason. We cannot say that the absence of one adjective in an otherwise identical provision no longer subjects the appraisal clause to the Arbitration Act.

Further, the hearing justice discussed *Waradzin*, and highlighted that the party there had acknowledged the valuation proceeding at arbitration but waited to make its objection until after an award was reached. *Waradzin*, 570 A.2d at 650-61. As the hearing justice noted, this Court held in *Waradzin* that a party "wishing to object to the arbitrability of a dispute must state his objection on those grounds at the arbitration hearing or refuse to submit to the process * * *." *Id.* at 651. Like *Waradzin*, plaintiff participated in the arbitration without objection and did not question the nature of the proceedings until after defendant's cross-petition to vacate the award was granted. *Id.* at 650.

The plaintiff's actions make clear its willingness to use every judicial avenue available to it, irrespective of efficient conflict resolution.[4] The plaintiff is searching

---

[4] Moreover, a review of court records yields dozens of pending cases in the Superior Court involving the plaintiff and a multitude of homeowners' insurance companies. The plaintiff should beware of continually arguing inconsistent positions in litigation. *See Gaumond v. Trinity Repertory Company*, 909 A.2d 512, 520 (R.I. 2006) ("Judicial estoppel should be employed when a litigant is playing fast and loose with the courts, and when intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking

- 13 -

for, and would derive an unfair advantage if it were permitted to now claim that the appraisal proceeding is not arbitration after previously attempting to confirm the appraisal award in the Superior Court under that same theory.

## Conclusion

For the reasons set forth herein, we affirm the order of the Superior Court. The papers shall be returned to the Superior Court.

---

justice.") (quoting *Patriot Cinemas, Inc. v. General Cinemas Corp.*, 834 F.2d 208, 212 (1st Cir. 1987)).



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | New England Property Services Group, LLC v. Vermont Mutual Insurance Company. |
| **Case Number** | No. 2024-67-Appeal. (PM 23-1946) |
| **Date Opinion Filed** | March 10, 2025 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Christopher K. Smith |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Thomas J. Alves, Esq.<br>For Defendant:<br><br>Edward A. Bopp, Esq. |