LEONARD LEVIN COMPANY *vs.* STAR JEWELRY COMPANY, INC.

DECEMBER 3, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J.   This cause arises on a creditor's petition in equity for the appointment of a permanent receiver of the respondent, a Rhode Island manufacturing corporation, with a prayer for an injunction restraining the alienation of the property of the corporation.

The petition recites that respondent is insolvent and there is grave danger that the creditors will commence suits and attach the corporate property and that it is for the best interests of the numerous creditors and the stockholders of the corporation that a permanent receiver be appointed to take charge of the estate of the corporation and to wind up its business.

On May 2, 1934, after a hearing, by decree of the Superior Court, a receiver was appointed and directed to take possession of the corporate property, to collect all debts, to bring and defend in the name of the corporation all necessary actions; the institution or prosecution of any action at law or in equity or the levy of any legal process on the corporate property was enjoined.

By the decree all creditors to be entitled to be paid from the corporate assets were required to file with the receiver on or before June 15, 1934, a statement of their claims and of any security or liens or claims for preference; the receiver

was required on or before June 29 to file with the court a report allowing or disallowing said claims. On May 29 the receiver was authorized to sell at private sale the stock, machinery, and equipment of the corporation. He sold these assets for $4,557.50, which sum of money constitutes all the assets in his hands.

The indebtedness of the corporation, which is all unsecured, is over $16,000. Included therein are claims for wages by thirteen of defendant's employees, a total of $996.56. They claimed priority in the payment of the corporate debts. There are no other claims of priority.

After a hearing on petition of the receiver for instructions, the following question was certified by the Superior Court to this court: (G. L. 1923, C. 339, s. 36) "In the distribution of the net estate by the receiver, have the wage claims set forth in Exhibit A of receiver's petition priority over the general creditors of the respondent corporation; and if so, in what amount and for what period of time prior to the appointment of the receiver?"

By the decree the assets were to be applied not for the payment of all debts alike but only of such as were presented before June 15 and allowed by the receiver. This proceeding was instituted by certain creditors to avoid the expense and delay incident to bankruptcy. The individual claims of the wage creditors were small; none could invoke the jurisdiction of the Bankruptcy Act without the co-operation of other creditors.

The purpose of the petitioning creditor was to secure equality of distribution and to avoid diminution of the fund by the payment of preferred claims. But such equality should not be secured at the expense of the wage earners only nor determined by a creditor's selection of the forum and the procedure. If the creditors and the debtor consent, an insolvent estate can be administered without resort to the bankruptcy court. But, if a creditor invokes the aid of a court of equity to secure equitable relief, he is subject to the rule that he who seeks equity must do equity.

The appointment of a receiver is as a general rule discretionary and not a matter of right. *Fosdick* v. *Schall*, 99 U. S. 235; *Sage* v. *Memphis & Little Rock R. R. Co.*, 125 U. S. 361. The court in making such an appointment as a condition precedent to assuming control of the property involved may impose such terms as are reasonable under the circumstances of the particular case. *Jones* v. *Arena Publishing Co.*, 171 Mass. 22; *Farmers' Loan Co.* v. *Oregon Pacific R. R. Co.*, 31 Ore. 237. The better practice is to impose such terms at the time of the appointment; but if such an order is not then made, a court in equity may make it thereafter. *Fosdick* v. *Schall, supra.* 34 Cyc. 358 and cases cited therein.

The insolvency law of this State, at least in so far as it relates to the distribution of assets for the payment of certain debts, is superseded and suspended by the Bankruptcy Act. *International Shoe Co.* v. *Pinkus*, 278 U. S. 261.

By the decree the administration of this estate follows the plan of our insolvency law. Chapter 390 of General Laws 1923, "Of Proceedings in Insolvency," gives a priority for the wages of labor performed within six months next prior to the adjudication in insolvency, not exceeding $100 to any one person. Under the Bankruptcy Act (Chap. VII, § 104, (b)) the priority is for wages due which have been earned within three months before the date of the commencement of the proceedings, not to exceed $600 to each claimant.

In the absence of a statute prescribing the order in which the debts of an insolvent shall be ranked, a court of equity should be guided generally by the statutory rules applicable to the payment of debts in insolvency and bankruptcy. *Old Colony Trust Co.* v. *Medfield &c. St. Ry.*, 215 Mass. 156, 163. As stated by WAITE, C. J., in *Fosdick* v. *Schall, supra*, no fixed and inflexible rule can be laid down for the government of the courts in all cases; each case will nec-

essarily have its own peculiarities which must, to a greater or less extent, influence the chancellor when he comes to act.

In the instant case we think the wage earners are entitled in equity to the preference provided for in the Bankruptcy Act.

The question certified is answered in the affirmative, and the cause is remanded to the Superior Court for further proceedings in accordance with this opinion.

*Samuel H. Workman,* for petitioner.

*Dana M. Swan, Frederick W. O'Connell, Swan, Keeney and Smith,* for respondents, Pezzullo.

*LeRoy G. Pilling, George Ajootian,* for a wage claimant.
*Francis A. Manzi,* for other wage claimants.