*Harold A. Andrews, Edward L. Godfrey,* for petitioner.

*Thomas F. Cooney, Carroll & Dwyer, John P. Hartigan, Attorney General,* for respondents.

F. J. PETROVICS *vs.* THE KING HOLDINGS, INC.

DECEMBER 2, 1936.

PRESENT: Flynn, C J., Moss, Capotosto, Baker, and Condon, JJ.

CONDON, J. This proceeding was originally brought against the respondent, a Rhode Island corporation, for the appointment of a receiver in accordance with the provisions of general laws 1923, chapter 248, sec. 57, as amended. A petition praying for such appointment was filed in the superior court on July 29, 1933, and thereupon, *ex parte*, a temporary receiver was appointed. On November 7, 1933, after a hearing before a justice of the superior court, which consumed several days, a permanent receiver was appointed by decree of said court. This decree, among other things, required every person having an interest, legal, equitable or otherwise, to stock of the respondent corporation and a present right to a certificate to file a sworn statement with the receiver, setting out the number of shares claimed and the consideration given for said shares What authority the court had at this stage of the proceeding to make such an order does not appear, but in any event no objection was made thereto by the respondent. In compliance with the decree, the receiver reported that the

following claims had been filed: John J. King, 100 shares; Edna J. Petrovics, 1 share; F. J. Petrovics, legal title to 98 shares and beneficial ownership in 50 of these 98 shares; Howard J. Bloomer, 33⅓ shares; and also that the total number of shares of the corporation was 100.

When this report was filed and it appeared that a dispute existed as to the ownership of the stock of the corporation, the superior court, on the motion of the petitioner and others, granted permission to them to file on or before February 1, 1934, "a petition in the nature of a bill in equity for the determination of stock ownership in said company, said petition to be in the nature of a proceeding in *rem* against the entire capital stock of said company." In accordance with such permission, a petition so entitled was filed by the petitioner herein and others on February 19, 1934, against the receiver and several other respondents, including John J. King, above referred to as claiming 100 shares of the capital stock of the respondent corporation.

This petition is a lengthy document, containing thirty-two separate paragraphs and presenting to the court numerous complicated questions for adjudication. John J. King, having appeared specially, moved to dismiss this petition on the ground that the superior court was without jurisdiction in this cause to hear and determine the matters set forth in this petition. A second ground was also alleged, but it is not set out here as it will not enter into our decision of the cause. This motion was denied by the trial justice and said denial is one of several reasons of appeal which the respondent King has brought to this court. It is the only one considered here because on the view that we have taken it is determinative of the particular matter before us.

The petitioner contends, in support of the decision of the trial justice, that the superior court had the power to permit the "petition to determine stock ownership" to be filed within the statutory receivership proceedings, and to hear the same in the exercise of the general equitable jurisdiction of the superior court. He argues that the particular manner

in which the original proceedings were initiated imposes no limitation on the jurisdiction of the court to dispose of the question of stock ownership within the receivership case.

The respondent contends to the contrary, although he concedes that had the original proceeding for the appointment of a receiver been commenced by a bill in equity, as it could have been under G. L. 1923, chap. 248, sec. 61, then the court would have had jurisdiction to give full and comprehensive relief. He argues that since the proceeding was initiated by petition under section 57 of the statute, and not by bill under section 61, the superior court had jurisdiction only to the extent provided by section 57. He urges further that section 57 does not authorize the court to hear and determine the multiplicity of questions raised in the so-called petition in the nature of a bill in equity to determine stock ownership.

Generally speaking a court of equity has no jurisdiction in the absence of statute, to appoint a receiver and dissolve a corporation. 4 Pomeroy's Equity Jurisprudence, (4th ed.) § 1540, p. 3615, and cases cited. In certain cases, however, in order, as it is said, to conserve the assets of the corporation and preserve its property for those interested therein, equity has inherent jurisdiction, independently of statute, to appoint a receiver. *Pennsylvania Steel Co.* v. *New York City Ry. Co.*, 198 Fed. 721, 737. The courts, however, are not prone to extend such jurisdiction, and it has been said it should be exercised only "when the court can point to the specific allegation or allegations, sustained by credible evidence, that will justify such action." *Young* v. *Rutan*, 69 Ill. App. 513.

It is not necessary in the instant cause to pass upon this precise point, as the original proceedings here are admittedly statutory. They were brought under said section 57 which provides: "Whenever any domestic corporation . . . is insolvent, or whenever by reason of fraud, negligence, misconduct . . . of the executive officers of any such corporation . . . the estate and effects of such cor-

poration are being misapplied or are in danger of being wasted or lost . . . the superior court may, upon the petition of any stockholder or creditor of such corporation, and upon such reasonable notice as the court may prescribe, decree a dissolution of such corporation and appoint a receiver of its estate and effects, or may decree such dissolution without appointing a receiver, or may appoint such receiver without decreeing a dissolution." By this section, a summary method for the appointment of a receiver and decreeing the dissolution of a corporation is provided under certain express conditions. The petitioner elected to proceed under this statutory remedy as he had an unquestioned right to do, but later, finding himself confronted with the necessity for other relief not mentioned in or contemplated by the statute, he seeks to superimpose upon this remedy, specifically set out in the statute, an anomalous proceeding, which for want of a better name he entitles a petition in the nature of a bill in equity.

Having thus tried to confer upon it the nature of a bill in equity, he then proceeds to assume that he has thereby brought into action the general equitable powers of the court, and that the superior court thenceforward is entitled to exercise its inherent equitable jurisdiction to settle all questions arising in the cause. In other words, the petitioner is contending for the right to convert a definitely limited statutory remedy into a general equitable proceeding by filing within the initial proceeding what he conveniently calls a petition in the nature of a bill in equity. Equity procedure is not so flexible. If it were, there would soon be an absence of procedure. It has been well said that: "Irregular practices get their first footing by silent approaches and slight deviations from lawful procedure, and, if not checked, the landmarks of the law will be obliterated, and the protection which the law is intended to extend to all classes by affording them an opportunity to defend or assert their rights according to established rules of procedure would be rendered nugatory." *People ex rel. Graves* v. *Dist. Ct.*, 37 Col. 443, 463.

In the instant cause the deviation is not slight and neither is the approach silent. The petitioner on the hearing before us frankly called this petition a "unique device" and admitted that he could cite no precedent for it. He has attempted to justify it by calling our attention to the fact that the original petition prayed not only for appointment of the receiver under the statute but also "under the general equity powers of the court." We do not think this helps him. The only authority for the original petition is under section 57, and the superior court could not entertain it in the absence of that statute.

The power of the court, in a matter of this kind, is not as broad under section 57 as its equitable authority generally, especially in view of the express language of G. L. 1923, chap. 248, sec. 61, as follows: "In every case in which a petition may be brought under section fifty-seven hereof a bill in equity may in lieu thereof be brought in the superior court for the same relief and for such other relief as the circumstances may require, and the provisions of sections fifty-seven, fifty-eight and fifty-nine hereof, so far as they are consistent with the nature of such proceeding, shall apply thereto, and in such proceeding the court shall have the full powers of a court of equity to make or enter such orders, injunctions and decrees and to grant such relief as justice and equity may require." Here, it seems to us, the legislature has quite clearly pointed out the procedure to be followed if more relief is sought than the statute authorizes the court to give in a proceeding instituted under section 57, and has at the same time indicated the limited nature of the proceeding authorized under that section.

Section 61 is not, as the petitioner contends, merely declaratory of the general equitable powers inherent in the court in a statutory receivership proceeding. It is more significant than that. It recognizes the existence of a difference of opinion as to the inherent right of a court of equity to appoint a receiver and dissolve a corporation, as above discussed, and it expressly declares that in every case

where a petition may be brought under section 57 a bill in equity may be brought in lieu thereof "for the same relief and for such other relief as the circumstances may require." Any doubt of the jurisdiction of the superior court in equity in such a matter is thus resolved by express legislative decree, but the proceeding must be initiated by a bill in equity if the general equitable powers of the court are to be invoked to grant other relief in addition to that set out in section 57.

The petitioner makes a point of the fact that inasmuch as the receiver appointed under section 57 is to administer his trust "according to the course of equity," and as the superior court under section 60 is declared to have "jurisdiction in equity of the petition and of all questions arising in the proceedings thereon," the legislature clearly intended that the superior court when acting under section 57 should have the broad powers of a court of equity. This is an ingenious argument and it carries an air of plausibility, but when section 61 is read in connection with the sections above referred to, it becomes apparent that the legislature, by the use of such expressions, did not intend to convert a definitely limited statutory proceeding into a general equitable one easily and summarily initiated by a simple petition. On the contrary, by the clear and unambiguous language of section 61, it evinced an intention to preserve the harmony and order of established equity procedure by requiring that a bill in equity be brought if the full powers of the superior court as a court of equity are to be invoked.

It seems to us, therefore, that the legislature has not only authorized the superior court to appoint receivers of corporations and to decree their dissolution in a proper case, but has also provided two methods for accomplishing that purpose, one by petition (sec. 57), the other by bill in equity (sec. 61). According as the facts or circumstances of the case, known to or apprehended by the moving party, may suggest, either is available to him, but the latter is broader and more comprehensive than the former, and section 61 puts him upon notice of this fact.

It appears from the record of the instant cause, as developed below, that the comprehensive remedy by bill in equity, rather than the summary but more restricted remedy by petition, was indicated as the proper proceeding to accomplish the relief prayed for in the "petition for determination of stock ownership." Whether this was as clear to the petitioner when he initiated the original proceedings as it is now to us from the record, of course we cannot say, but even though it were not it would make no difference, as we see it, in the determination of the question before us. Unfortunately for the petitioner the objection raised by the respondent King goes to the jurisdiction of the superior court, and hence we are left with no recourse but to declare the law as we understand it to be. The superior court was without jurisdiction to hear and determine, within the receivership proceedings initiated under section 57, the so-called petition in the nature of a bill in equity to determine stock ownership.

For the reasons stated, the appeal of the respondent King is sustained and the decree appealed from is reversed.

The parties may, on December 11, 1936, present to this court a form of decree in accordance with this opinion for entry in the superior court.

*Edward Winsor, Henry B. Gardner, Jr., Edwards & Angell,* for petitioner.

*Peter L. Cannon,* for respondent King.

*Sisson & Fletcher, Edward G. Fletcher, Stockwell & Chace,* for various parties.

*McLyman & Day,* for receiver.