WALTER KOCON *et al. vs.* JOSEPH M. CORDEIRO, JR.

MAY 25, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

JOSLIN, J. This cause is before us on the complainants' appeal from a decree sustaining a demurrer to the bill of complaint for the reason that the complainants, among which is a Massachusetts corporation, had an adequate remedy at law. The individual complainants and the respondent were directors of the corporate complainant which had duly qualified to do business in this state.

The theory of the bill of complaint, as appears from its averments and as argued by counsel, is that respondent knowingly and falsely represented that he had invented a secret process of such novel and original design that it would revolutionize the jewelry industry and that in reliance thereon, as well as on other false statements made by the respondent, complainants purchased the same for $25,000. They further aver that the process was not a secret one, had not been invented by respondent, and had in fact been patented by a stranger to the transaction. The complainants pray in substance that respondent be compelled to return to them the purchase price plus interest from the date of the sale.

In hearing a demurrer a court of equity cannot inquire into the truth of the facts, and when the ground of demurrer is a want of equity in the bill the test is whether a case can be made which will entitle the complainant to relief. *Wolfe* v. *City of Providence,* 73 R. I. 417; *Viall* v. *Rhode Island Hospital Trust Co.,* 45 R. I. 432; *Hazard* v. *Durant,* 11 R. I. 195; *Aldrich* v. *Howard,* 7 R. I. 87.

The decisive issue is whether a court of equity will take cognizance of a bill seeking only restitution of a sum paid because of fraudulent representations.

Historically, as Maitland says referring to the jurisdiction of the chancellor, "there were some other matters that were considered to be fairly within his jurisdiction. An old rhyme allows him 'fraud, accident, and breach of confidence'—there were many frauds which the stiff old procedure of the courts of law could not adequately meet * * *." Maitland, Equity (rev. ed.), p. 7. With the extension of the jurisdiction of the law courts and a relaxation of their procedure, however, it came to be that they too acted in matters where fraud was involved thus giving these two judicial branches concurrent jurisdiction in such matters. 3 Pomeroy, Equity Jurisprudence (5th ed.), §912, p. 580.

Notwithstanding what may have been in early times and what still may be the practice in England, the prevailing view in this country, and one that has been long settled in this state, is that while equity will not decline cognizance where the remedy at law is doubtful, it will refuse to act where that remedy is adequate and as certain, prompt, complete and efficient as can be granted by a chancellor. *Blackstone Hall Co.* v. *Rhode Island Hospital Trust Co.*, 39 R. I. 69, 78.

This does not mean that a bill in equity grounded upon fraud has no standing, but it does mean that only such fraudulent acts are recognized by a court of equity as relate to some equitable interest or call for some equitable relief other than or in addition to pecuniary damages. Where, however, he who invokes the aid of a court of equity relies on fraud only as a means of establishing a legal right and remedy, then the suit must be passed on at law. *Rogers* v. *Rogers*, 17 R. I. 623, 626.

In this case complainants, although they allege fraud, seek in substance only the recovery of pecuniary damages.

An appropriate remedy for the legal right they seek to enforce is an action of trespass on the case for deceit. *DiChiaro* v. *Spirito,* 89 R. I. 50, 55; *Moran* v. *Tucker,* 40 R. I. 485. In such an action they have the same right to recover the money they claim to be equitably entitled to as they would have in a court of equity and their remedy is as certain, complete, efficient and prompt in one court as in the other. Full justice is available to them in a court of law and their remedy at law is, therefore, complete and adequate. See *Gaines* v. *Miller,* 111 U. S. 395, and 1 Pomeroy, Equity Jurisprudence (5th ed.), §178, p. 246.

The contention that equity should act because respondent breached his fiduciary duty as a director of the complainant corporation falls because an averment of breach of confidence, like one of fraud, is available as a ground for an exercise of equitable jurisdiction only in the absence of an adequate and complete remedy at law. 13 Am. Jur., Corporations, §1014, p. 966; 19 C.J.S. Corporations §812, p. 215.

The complainants' attempt to bring their case within the jurisdiction of equity by praying for an accounting is likewise of no avail. Although a court of equity will entertain a bill for an accounting, it will do so on a one-sided account as in this case only if it is intricate and complicated, or a discovery is required to aid in the taking. *McCulla* v. *Beadleston,* 17 R. I. 20, 26. No such supplemental issues are here present where all that is to be accounted for is the sum paid by complainants. Although complainants properly argue, citing *Whipple* v. *Guile,* 22 R. I. 576, 578, that "it is one of the offices of equity to prevent a multiplicity of suits," they have failed to point out what multiplicity of suits will here result if they are restricted to their action at law.

They also misconceive the effect of the well-established principle that a court of equity which has once obtained

226

jurisdiction on any ground will retain it for the purpose of administering full relief. That doctrine does not extend to an equity court jurisdiction to grant a purely legal remedy, *Onorato v. Mancini*, 65 R. I. 115, and the jurisdiction of equity does not attach merely on the filing of a bill.

The complainants' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Oscar M. David*, for complainants.

*Moore, Virgadamo, Boyle & Lynch, Francis J. Boyle*, for respondent.