273 A.2d 671.

PLANTATIONS INDUSTRIAL SUPPLY OF RHODE ISLAND *vs.*
WARD C. CRAMER ASSOCIATES, INC.

FEBRUARY 18, 1971.

PRESENT: Roberts, C. J., Paolino, Joslin and Kelleher, JJ.

ROBERTS, C. J.  On October 24, 1968, on the petition of Plantations Industrial Supply of Rhode Island, Ward C. Cramer Associates, Inc. was placed in receivership. Upon submission of his final report, the receiver requested the Superior Court to establish a priority of payment between an Internal Revenue claim and a claim for unpaid employee wages, both unsecured. The federal government claims amounted to $4,585.50, and the wage claims amounted to $1,152.74, while the amount remaining for disbursement totaled only $4,606.98. The court below awarded priority of claims to the wage earners with the remainder to the receiver. The Internal Revenue Service is appealing that decision.

The question of priority of payment when money is owed the federal government is treated in 31 U.S.C.A. §191; which states: "Whenever any person indebted to the United States is insolvent * * * the debts due to the United States shall be first satisfied * * *." This statute has been construed on many occasions since its enactment in 1797. In *Rivard* v. *Bijou Furniture Co.,* 67 R. I. 251,

21 A.2d 563, this court was faced with a decision in priorities between state and federal taxes in an insolvency proceeding. In *Rivard* the court said: "It is now beyond question that in an equity receivership non-lien tax claims of the United States, arising before the appointment of a receiver, have priority over all other competing claims of a similar character." *Id.* at 254, 21 A.2d at 565. The record clearly shows that respondent owes the federal taxes claimed and that it is now clearly insolvent. Thus we have satisfied both conditions for the application of 31 U.S.C.A. §191. We must now consider only whether there is something about the opposing claim of wages which takes it out of the operation of this enactment.

The respondent cites as its only support *Leonard Levin Co.* v. *Star Jewelry Co.*, 54 R. I. 465, 175 A. 651. That case states that wage earners should be entitled to higher priority than other creditors in insolvency situations based upon the Bankruptcy Act entitling wage earners to a preference in claims. Such a provision is still in force today in G. L. 1956, §28-14-6.1, which provides a priority for wage earners. In the *Levin* case, however, the federal government was not a claimant and thus the provisions of 31 U.S.C.A. §191 were not involved.

The case of *United States* v. *Emory*, 314 U. S. 423, 62 S.Ct. 317, 86 L.Ed. 315, is closer to the point at hand. There the Supreme Court of the United States overturned a decision of the Supreme Court of Missouri allowing priority to wage earners over a claim by the United States government. The Missouri decision had been based on a Missouri statute similar to the Rhode Island statute granting preference to wage claims. The Supreme Court in that decision stated quite clearly at 426, 62 S.Ct. at 319, 86 L.Ed. at 321: "Just such proceedings as this, therefore, are governed by the plain command of §3466 that 'debts due to the United States shall be first satisfied.' The pur-

pose of this section is 'to secure adequate public revenues to sustain the public burden' (*United States* v. *State Bank of North Carolina,* 6 Pet. 29, 35), and it is to be construed liberally in order to effectuate that purpose * * *." Thus the United States Supreme Court held in *Emory* that, despite a state statute granting preference to wage earners' claims in insolvency, the federal government has priority over all claims of a similar character as per. 31 U.S.C.A. §191. The Supreme Court of the United States recently upheld the priority of claims of the United States in *United States* v. *Key,* 397 U. S. 322, 90 S.Ct. 1049, 25 L.Ed.2d 340, decided March 30, 1970.

There remains only the issue of whether the state law must fall when it is inconsistent with a properly enacted federal statute. In this case, however, it is not necessary to nullify the entire effect of §28-14-6.1 but only to limit it in this single instance of claims by the federal government.

The appeal of the claimant, the Internal Revenue Service, is sustained, and the order appealed from is reversed.

Powers, J., did not participate.

*Lincoln C, Almond,* United States Attorney, *Everett C. Sammartino,* Asst. United States Attorney, for United States of America, appellant.

*John S. Lennon,* for Normand Beland and Edward Marshall, former employees of Ward C. Cramer Associates, Inc., appellees.