**Michael LEVINE, Trustee,**

v.

**BESS EATON DONUT FLOUR CO., INC.**

**No. 96–322—Appeal.**

Supreme Court of Rhode Island.

Jan. 15, 1998.

---

Thomas S. Hemmendinger, Providence, for Plaintiff.

Allan M. Shine, Melissa M. Horne, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on December 1, 1997, pursuant to an order that directed the plaintiff, Michael Levine, in his capacity as trustee, to show cause why the issues raised by this appeal should not be summarily decided. The plaintiff has appealed a Superior Court judgment dismissing his petition to appoint a receiver or a trustee of the defendant, Bess Eaton Donut Flour Co., Inc.

After hearing the arguments of counsel and reviewing the memoranda filed by the parties, we conclude that cause has not been shown and that, therefore, the case will be decided at this time.

The defendant is a Connecticut corporation that operates a chain of doughnut shops in Massachusetts, Connecticut, and Rhode Island. Louis A. Gencarelli, Sr. (Louis), is

defendant's president and chief executive officer who owns 50.1 percent of the corporation's voting stock and approximately 11 percent of its nonvoting stock. The plaintiff was appointed successor trustee of the Gencarelli Family Trusts (trusts) in 1990. The trusts hold approximately 35.3 percent of defendant's voting stock and 74 percent of its nonvoting stock.

In his "Petition for the Appointment of a Custodial Receiver or Trustee" (petition), plaintiff alleged that Louis had misappropriated corporate funds for his personal use, engaged in self-dealing, and wasted corporate assets. In filing the petition, plaintiff argued that pursuant to G.L.1956 § 7–1.1–97.1, the Superior Court had jurisdiction to appoint a receiver for those assets of a foreign corporation that are located in Rhode Island. The plaintiff further asserted that he was not seeking liquidation of the corporation. The defendant argued that the appointment of a receiver was an extraordinary remedy and not warranted in this instance.

At a hearing held on April 26, 1996, the trial justice, at defendant's suggestion and over plaintiff's objection, directed the parties to proceed by presenting oral arguments in support of or in opposition to the appointment of a receiver. In proceeding with argument first, the trial justice assured the parties that her ruling in this respect was without prejudice to any request for a later evidentiary hearing. The plaintiff's claim that the trial justice abused her discretion in so proceeding is without merit. Following the presentation of arguments by the parties, the trial justice denied and dismissed plaintiff's petition on the basis that. "section 7–1.1–97.1 contemplates the filing of a petition for dissolution by shareholders or creditors under section 7–1.1–90 prior to the invocation of its provisions." She reasoned that because a petition for dissolution had not been filed and a showing that liquidation would not be appropriate had not been made, the court lacked authority under § 7–1.1–97.1 to appoint a receiver. Judgment was entered on May 1, 1996, wherein plaintiff's petition was "dismissed, without prejudice, for lack of jurisdiction." The plaintiff timely appealed to this Court, contending that the trial justice had misinterpreted the applicable statutes and thereby erred as a matter of law in ruling that the Superior Court did not have jurisdiction to appoint a receiver or a trustee in the instant case.

■ This Court engages in a *de novo* review of a plaintiff's claim that a trial justice misinterpreted the applicable statutes. *City of East Providence v. Public Utilities Commission,* 566 A.2d 1305, 1307 (R.I.1989). Moreover, it is well established that "when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1226 (R.I.1996). In examining the relevant statutes, we observe that § 7–1.1–97.1 provides:

*"Upon the establishment of any of the grounds for liquidation of the assets and business of (1) a domestic corporation or (2) a foreign corporation, to the extent the foreign corporation has assets within the state, set forth in § 7–1.1–90, and upon the establishment that the liquidation would not be appropriate, the superior court shall have full power to appoint a receiver,* with such powers and duties as the court, from time to time, may direct." (Emphases added.)

In addition, § 7–1.1–90 provides in pertinent part that

"(a) [T]he superior court shall have full power to *liquidate* the assets and business of a corporation:

(1) In an action by a shareholder *when it is established that,* whether or not the corporate business has been or could be operated at a profit, *dissolution would be beneficial to the shareholders* because:

* * *

(B) The acts of the directors or those in control of the corporation are illegal, oppressive, or fraudulent; or

* * *

(D) The corporate assets are being misapplied or are in danger of being wasted or lost." (Emphases added.)

■ A plain reading of the statutes reveals that, contrary to the trial justice's de-

termination, the Superior Court's authority under § 7–1.1–97.1 to appoint a receiver is not contingent upon the filing of a petition for dissolution by shareholders. Section 7–1.1–90 is explicit on its face in requiring that a shareholder seeking the *liquidation* of a corporation must establish that "dissolution would be beneficial" to him or her; the statute does not require that a petition for dissolution be filed before a shareholder may petition the court to appoint a *receiver* under § 7–1.1–97.1. We hold that the trial justice erred in finding to the contrary because the statutes clearly grant to the Superior Court "full power to appoint a receiver" for the defendant's Rhode Island assets.[1]

■ Notwithstanding the trial justice's error in finding that she lacked jurisdiction pursuant to § 7–1.1–97.1 to appoint a receiver, we nevertheless affirm the denial of plaintiff's petition. It is well settled that the decision to appoint a receiver is left to the discretion of the trial justice depending on the circumstances of each case. *Leonard Levin Co. v. Star Jewelry Co.*, 54 R.I. 465, 468, 175 A. 651, 653 (1934). Prior to issuing her ruling on the question of jurisdiction, the trial justice stated:

"I'm very concerned about what I perceive to be as a rather [p]recipitous and dangerous step of appointing a receiver to assume operation of this business, and I'm very concerned that that ultimately will not be in the interest of either the corporation or any of the shareholders involved. In fact, could work greater harm than that compared to that which they have alleged to have occurred to date. . * * * I have concerns about the amount of legal and professional expenses that are being incurred all of the way around, which I do not believe ultimately are in the best interests of the corporation or the individual shareholders."

■ The appointment of a nonliquidating receiver for an ongoing, solvent corporation is an extraordinary remedy that should be reserved for extraordinary situations. *See, e.g., Prassas v. Nicholas W. Prassas & Co.*, 102 Ill.App.3d 319, 58 Ill.Dec. 86, 88, 430 N.E.2d 28, 30 (1981) (existence of dissension, fraud, misconduct, or mismanagement that makes it impossible for business to continue or to preserve its assets); *Crippin Printing Corp. v. Abel*, 441 N.E.2d 1002, 1007 (Ind.Ct. App.1982) (present danger to investors consisting of serious suspension of or interference with conduct of business resulting in imminent danger of corporate assets being dissipated); *Lowder v. All Star Mills, Inc.*, 301 N.C. 561, 273 S.E.2d 247, 256 (1981) (fraud or gross misconduct in the management of corporation, or incapacity or neglect on part of those operating it). Nevertheless, the appointment of a nonliquidating receiver in such situations is not only appropriate but can also constitute a welcome lifeline to shareholders and other affected parties when no other relief appears to be adequate, when it is likely to benefit most if not all interested parties by allowing the corporation to continue to operate, or when it will help to protect the interests of the shareholders by preserving company assets from being dissipated if they are in imminent danger of further loss or waste. *See, e.g., Modern Telecommunications, Inc. v. Dalessandro*, 185 A.D.2d 218, 587 N.Y.S.2d 315, 318–19 (1992) (deeming receiver appropriate because actions threatened well-being and continued viability of corporation); *Nelson v. Nelson*, 99 A.D.2d 917, 473 N.Y.S.2d 40, 41 (1984) (finding appointment of receiver necessary for conservation of corporate property and preservation of parties' respective interests). Here, however, given the trial justice's findings that the appointment of a receiver would be unlikely, on balance, to provide such beneficial effects,

---

1. The trial justice also found that plaintiff did not establish that liquidation would not be appropriate. As noted *ante*, plaintiff expressly claimed that liquidation of defendant's assets and business was *not* being sought, and asserted his fiduciary duty as trustee to preserve the value of the trusts' assets in defendant corporation. The plaintiff argued that the trusts' assets could best be preserved, not by liquidating the corporation, but rather by operating the business "in the best interest of the corporation and with no particular person's interest in mind," and that defendant "could survive" despite alleged financial difficulties, even if it filed chapter 11. Thus, on the record before us, we conclude that plaintiff adequately established that liquidation of defendant's assets and business would not be appropriate, i.e., would not be in the best interest of the trusts to which plaintiff owed a fiduciary duty.

and instead would tend to create more harm than assistance to the corporation and its shareholders, we conclude that the decision to deny the appointment of a nonliquidating receiver did not constitute an abuse of her discretion. Our affirmation of the trial justice's denial of the petition comports with our precedent of "affirm[ing] the orders and judgments of a trial court when the reasons given by the trial court are erroneous in circumstances in which there are other valid reasons to support the order or judgment appealed from." *Gross v. State, Division of Taxation,* 659 A.2d 670, 672 (R.I.1995) (per curiam) (citing *Ambeault v. Burrillville Racing Association,* 118 R.I. 310, 315, 373 A.2d 807, 809 (1977)).

On the basis of the foregoing analysis, we deny and dismiss the plaintiff's appeal and affirm the judgment of the Superior Court, to which we remand the papers in this case.