June 25, 2021

**Supreme Court**

No. 2020-194-Appeal.
(NC 19-246)

Epic Enterprises LLC et al.      :

v.        :

10 Brown & Howard Wharf      :
Condominium Association et al.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Epic Enterprises LLC et al.     :

v.     :

10 Brown & Howard Wharf     :
Condominium Association et al.

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Lynch Prata, for the Court.** The respondent, Bard Group, LLC, has appealed from an order of the Superior Court granting the request of the petitioners, Epic Enterprises LLC, Kurt Rauschenbach, Kristin Rauschenbach, and Donna Morvillo, to appoint a temporary receiver for the respondent. This case came before the Supreme Court for oral argument on May 13, 2021, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After hearing arguments, reviewing the record, and carefully considering the memoranda submitted by the parties, this Court is satisfied that cause has not been shown. Therefore, we will decide the appeal at this time. For the reasons set forth in this opinion, we vacate the order of the Superior Court.

**Facts and Travel**

The respondent owns nine of the thirteen condominium units at the 10 Brown & Howard Wharf Condominium (the condominium) in Newport, Rhode Island. *See Epic Enterprises LLC v. Bard Group, LLC*, 186 A.3d 587, 588 (R.I. 2018).[1] The remaining four units are owned by petitioners. *Id.* In fact, respondent was the declarant of the condominium and sold petitioners' units to them. Because respondent owns a majority of the units, it has a controlling voting share in the 10 Brown & Howard Wharf Condominium Association (the association). *See id.* While the association held an annual meeting in August 2016, it did not do so in 2017 or 2018, and it collected no assessment fees until January 2020.

In April 2019, the seeds of the current dispute were sown between these parties when the roof of the condominium began to leak and the repairs were not timely made to the affected common elements. The association indicated in its filing to the Superior Court in support of its objection to the appointment of a receiver that the delay was attributable to the insurance carrier and, later, respondent argued to this Court in this appeal that the delay was due to the special master. The petitioners

---

[1] In 2018, the parties were before this Court regarding a dispute over whether respondent could amend the condominium declaration to add commercial kitchens and restaurants as a permitted use, without unanimous agreement by all unit owners. *Epic Enterprises LLC v. Bard Group, LLC*, 186 A.3d 587, 588 (R.I. 2018). We concluded that the amendment in question was invalid. *Id.* at 590.

characterized the delay as either willful or negligent on the part of the association. Both parties note that interior work on several of the units remains unfinished.

The petitioners first filed a petition for the appointment of a receiver for the association on May 28, 2019, to which the association objected. Thereafter, the hearing justice appointed a special master, citing his concern for the rights of respondent's mortgagee, Sharestates Investments, LLC (Sharestates). The association then held a special meeting on October 30, 2019, at which condominium fees were assessed against the unit owners. While respondent paid some fees for its units in late 2019, respondent stopped making payments in January 2020.

The respondent also missed payments owed to its mortgagee, leading the mortgagee to foreclose on respondent's mortgage on March 20, 2020, during the early days of the COVID-19 pandemic.[2] Consequently, respondent filed a separate action against Sharestates in April 2020 (NC 20-110), asserting that the foreclosure was commercially unreasonable and that the notice was defective. Sharestates then filed a petition for the appointment of a receiver against respondent on May 12, 2020 (NC 20-133), indicating that respondent owed approximately $15 million to Sharestates, owed real estate taxes in the amount of $94,534.30, and had other significant debts.

---

[2] While Sharestates was the prevailing bidder at its foreclosure auction, it did not record its foreclosure deeds at that time.

The special master appointed in this case sent notices to foreclose on respondent's units for unpaid condominium fees on May 20, 2020. By then, respondent owed the association over $59,000 in fees. The foreclosure was scheduled for June 25, 2020.

On May 27, 2020, petitioners filed their second motion and petition to appoint a receiver in the present case—this time for respondent, Bard Group, LLC, not for the association.[3] At the hearing on the petition held on May 29, 2020, petitioners argued that respondent had not finished its condominium units, provided appropriate maintenance, or paid condominium fees, and that respondent's units had been the subject of multiple foreclosures. The petitioners asserted that respondent owed them a fiduciary duty as the declarant who sold them their units, that they were tenants-in-common with respondent, and that the duty respondent owed them was comparable to the relationship between a debtor and creditor. The petitioners also

---

[3] While Bard Group, LLC, was listed in the caption of the case when petitioners first filed their petition in this matter, it was only as a member of the association. On April 28, 2020, petitioners filed a motion for leave to file an amended complaint, seeking to add claims against Bard Group, LLC, for breach of fiduciary duty, breach of contract, and fraud. In its objection, respondent noted that the motion did not seek to add defendants. On May 8, 2020, petitioners notified the court that they were passing their motion to amend for several reasons, including "that the Bard Group and [its manager] are not, in their individual capacities, 'parties' to the existing action," and that "it would be more logical, expeditious and appropriate, in this instance, to simply assert these independent claims in a new action[.]"

argued that the chaos related to the condominium had harmed them, as it caused their units to decrease in value and prevented them from refinancing or selling those units.

The respondent maintained that negotiations were ongoing to pay off any debts, that it was not a party to the action petitioners brought against the association, that petitioners did not have legal standing to pursue receivership against it because petitioners were neither creditors nor shareholders of respondent, and that petitioners had not exhausted their legal remedies. In particular, respondent contended that the special master's foreclosure proceedings constituted the proper legal process for collecting the delinquent fees and that equitable remedies should not be sought until legal remedies were shown to be inadequate.

The hearing justice, after finding that respondent had participated in the action, proceeded to add respondent as a party to the case. He then found that petitioners had a right to expect the timely completion of the development by respondent, as declarant, and that respondent owed petitioners a fiduciary duty. Consequently, the hearing justice found that petitioners had standing to pursue the receivership and proceeded to appoint a temporary receiver for respondent. The motion to appoint a temporary receiver for Bard Group, LLC, was granted in an order entered on June 3, 2020, and the powers of the temporary receiver were delineated in a subsequent order entered on June 9, 2020. The respondent timely appealed both orders.

In September 2020, after negotiations between Sharestates and respondent had stalled, Sharestates was granted the appointment of a temporary receiver against respondent in NC 20-133. The same temporary receiver was appointed as in this case, and the order of appointment stated that all actions taken by the receiver with regard to respondent in this matter would "be deemed to be undertaken" in the Sharestates action, No. 20-133. The respondent also appealed the temporary receiver's appointment in that case. However, because the Sharestates receiver's appointment became permanent, the appeal in that case was dismissed as moot by this Court in No. 2020-249-A.[4] *See DeMarco v. Travelers Insurance Co.*, 102 A.3d 616, 622 (R.I. 2014) ("It is well established that 'a case is moot if the original complaint raised a justiciable controversy, but events occurring after the filing have deprived the litigant[s] of a continuing stake in the controversy.'") (quoting *Bucci v. Lehman Brothers Bank, FSB*, 68 A.3d 1069, 1079 (R.I. 2013)).

**Standard of Review**

It is well established that "[q]uestions of law and statutory interpretation * * * are reviewed *de novo* by this Court." *Peck v. Jonathan Michael Builders, Inc.*, 940 A.2d 640, 643 (R.I. 2008) (quoting *Rhode Island Depositors Economic Protection*

---

[4] The respondent's appeal from the appointment of the permanent receiver in NC 20-133 was also dismissed by agreement, per a stipulation filed with this Court on April 29, 2021, in No. 2021-44-A., wherein respondent consented to the appointment.

*Corp. v. Bowen Court Associates*, 763 A.2d 1005, 1007 (R.I. 2001)). The Rhode Island Superior Court is empowered to appoint receivers both by statute and pursuant to its equitable jurisdiction. *See* G.L. 1956 § 7-1.2-1314; G.L. 1956 § 8-2-13; *see also* Super. R. Civ. P. 66.

Section 7-1.2-1314, titled "Jurisdiction of court to liquidate assets and business of corporation[,]" vests power in the Superior Court sufficient to allow the court to liquidate the assets and business of a corporation in an action by one of three types of petitioners—either a shareholder, a creditor, or the attorney general. Where a creditor seeks such liquidation of a corporation's assets, it must be established either that the corporation is insolvent or that the assets "are being misapplied or are in danger of being wasted or lost." Section 7-1.2-1314(a)(2).

"Generally speaking, a court of equity has no jurisdiction, in the absence of statute, to appoint a receiver and dissolve a corporation[,]" and it is only when necessary "to conserve the assets of the corporation and preserve its property *for those interested therein*, [that] equity has inherent jurisdiction, independently of statute, to appoint a receiver." *Petrovics v. The King Holdings*, 56 R.I. 498, 501, 188 A. 514, 515 (1936) (emphasis added). "The courts, however, are not prone to extend such jurisdiction[.]" *Id.* Accordingly, the appointment of an equitable receiver is an extraordinary remedy available only in exceptional situations. *See* The Federalist No. 83 (Alexander Hamilton) (stating that equity allows a court "to give relief [in

extraordinary cases], which are [exceptions] to general rules"); *see also Marran v. West Warwick School Committee*, 113 R.I. 42, 44 n.3, 317 A.2d 455, 456 n.3 (1974) (noting that "equity will not intervene to assist a party who has a complete and adequate remedy at law"); *Kocon v. Cordeiro*, 98 R.I. 222, 224, 200 A.2d 708, 710 (1964) ("[W]hile equity will not decline cognizance where the remedy at law is doubtful, it will refuse to act where that remedy is adequate and as certain, prompt, complete[,] and efficient as can be granted by a chancellor.").

It is true that "the decision to appoint a receiver is left to the discretion of the trial justice depending on the circumstances of each case." *Levine v. Bess Eaton Donut Flour Co., Inc.*, 705 A.2d 980, 983 (R.I. 1998); *see Leonard Levin Co. v. Star Jewelry Co., Inc.*, 54 R.I. 465, 468, 175 A. 651, 653 (1934) ("The appointment of a receiver is as a general rule discretionary and not a matter of right."). Such discretion is not unlimited, however. *See Petrovics*, 56 R.I. at 502, 188 A. at 516 (noting that "[e]quity procedure is not so flexible" because, "[i]f it were, there would soon be an absence of procedure"). However, "[o]n review, the decision of the trial court made in the exercise of a discretionary power should not be disturbed unless it clearly appears that such discretion has been improperly exercised or that there has been an abuse thereof." *Tanner v. Town Council of Town of East Greenwich*, 880 A.2d 784, 800 n.19 (R.I. 2005) (brackets omitted) (quoting *Keystone Elevator Company, Inc. v. Johnson & Wales University*, 850 A.2d 912, 921 (R.I. 2004)).

**Discussion**

Before this Court, respondent renews its argument that petitioners lacked standing to file a motion to appoint a temporary receiver for respondent and that the hearing justice therefore erred in appointing one.

"A party acquires standing either by suffering an injury in fact or as the beneficiary of express statutory authority granting standing." *Tanner*, 880 A.2d at 792. The "'injury in fact' requirement has been described as 'an invasion of a legally protected interest which is * * * concrete and particularized[.]'" *Id.* at 792 n.5 (quoting *Ahlburn v. Clark*, 728 A.2d 449, 451 (R.I. 1999)). Our caselaw surrounding both statutory and equitable proceedings to appoint receivers is clear that standing to pursue a receivership is available only for shareholders of a corporation and its creditors. *See, e.g.*, *Peck*, 940 A.2d at 641, 642, 645 (involving the petition of "the only stockholders" of an insolvent corporation, who requested the appointment of a receiver under § 7-1.2-1314); *Leonard Levin Co.*, 54 R.I. at 466, 175 A. at 652 (involving a creditor's petition in equity for the appointment of a permanent receiver).

The petitioners in this matter cite to several decisions of the Superior Court to support their reasoning on both the broad power of that court to appoint equitable receivers as well as their own standing as parties harmed by the alleged insolvency of respondent. However, it is axiomatic that "lower court decisions are neither

- 9 -

binding on this Court, nor do they establish precedent."[5] *Impulse Packaging, Inc. v. Sicajan*, 869 A.2d 593, 600 n.14 (R.I. 2005) (finding that the petitioner "erroneously assign[ed] both weight and significance to [two lower court decisions] where there [was] none to be found[,]" as well as "misconstru[ing] both cases").

The petitioners are not shareholders of Bard Group, LLC, nor are they creditors according to the typical usage of the term. *See* Black's Law Dictionary 464 (11th ed. 2019) (defining a "creditor" first as "[o]ne to whom a debt is owed; one who gives credit for money or goods"). In fact, Bard Group, LLC, was not a named party in this matter until the company was added by the court during the very hearing where the company was then immediately put into receivership. In both their filings and at oral argument, petitioners cite caselaw from other jurisdictions to support their assertion that they are in fact creditors of respondent, under a broader definition of the term. *See* Black's Law Dictionary 464 (11th ed. 2019) (listing a second definition of a "creditor" under Roman law as "[o]ne to whom any obligation is owed, whether contractual or otherwise"). We have never adopted such a broad definition of a

---

[5] Notwithstanding their lack of precedential value for this Court, even the lower court cases cited by petitioners acknowledge that appointment of an equitable receiver requires that they have the necessary standing. *See, e.g.*, *Procaccianti v. Baginski*, 2016 WL 1745898 at *3 (R.I. Super. Apr. 25, 2016) (Silverstein, J.) (noting that, "[t]o have standing to request appointment of an equitable receiver," a petitioner must prove that they are "either currently a member of [the company], or * * * a creditor of [the company], and that [they are] suffering harm as a result of waste or mismanagement of company assets").

- 10 -

creditor in the context of equitable receiverships, and we decline to do so now in the context of this case.

Importantly, the hearing justice in this case never found that petitioners were creditors of respondent, stating only that "a temporary receiver is necessary to protect the interests of all creditors" and that "[t]he interest of these condo owners is affected by the actions of The Bard Group, maybe other creditors out there, I don't know, and consequently, I'm appointing a temporary receiver." Instead, the hearing justice based his determination that petitioners had the requisite standing on his finding that they had a "right to have this condominium completed by the declarant" and therefore "there is a fiduciary duty, and beyond fiduciary duty, I think a legal duty[.]" While petitioners make a reasonable argument that respondent, as declarant of the condominium, owed them statutory fiduciary duties, any such assertion should have been fully adjudicated in a court of law under the Rhode Island Condominium Act. *See* G.L. 1956 §§ 34-36.1-1.12 and 34-36.1-3.03; *see also Kocon*, 98 R.I. at 225, 200 A.2d at 710 (denying equitable relief to complainants where "[f]ull justice is available to them in a court of law and their remedy at law is, therefore, complete and adequate").

Therefore, because the petitioners lack standing to seek the appointment of a receiver, either under the statute or as a matter of equity, we vacate the order of the Superior Court appointing a temporary receiver in this matter.

**Conclusion**

For the reasons stated herein, we vacate the order of the Superior Court and hold that the receivership of Bard Group, LLC, in this matter should be brought to an immediate close. The papers shall be remanded to the Superior Court.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Epic Enterprises LLC et al. v. 10 Brown & Howard Wharf Condominium Association et al. |
| **Case Number** | No. 2020-194-Appeal.<br>(NC 19-246) |
| **Date Opinion Filed** | June 25, 2021 |
| **Justices** | Suttell, C.J. Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Newport County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Richard A. Licht |
| **Attorney(s) on Appeal** | For Petitioners:<br><br>John O. Mancini, Esq. |
| | For Respondent:<br><br>Randall L. Souza, Esq.<br>Michael A. Kelly, Esq.<br>Andrew G. Blais, Esq. |

SU-CMS-02A (revised June 2020)