June 6, 2025

**Supreme Court**

No. 2024-163-Appeal.
No. 2024-193-Appeal.
(PC 23-4394)

LMG Rhode Island Holdings, Inc.    :

v.    :

Office of Governor Daniel J. McKee.   :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2024-163-Appeal.
No. 2024-193-Appeal.
(PC 23-4394)

LMG Rhode Island Holdings, Inc.  :

v.  :

Office of Governor Daniel J. McKee.  :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Lynch Prata, for the Court.**  The plaintiff, LMG Rhode Island Holdings, Inc. (LMG or plaintiff), publisher of The Providence Journal, appeals from the dismissal of its petition for declaratory and injunctive relief relating to an Access to Public Records Act (APRA)[1] request that it submitted to the defendant, the Office of Governor Daniel J. McKee (Governor's Office or defendant), seeking a list of individuals who have received preferred license plates.[2]  Also before this

---

[1] *See* G.L. 1956 § 38-2-1.

[2] "Preferred Plates are defined as: Passenger plates with 1 letter with 1-3 digits; 2 letters with 1-2 digits; and 1-4 digits (1-9999); Commercial, Combination, Motorcycle plates with 1-4 digits (1-9999) and Antique plates (1-2000); Suburban and Veteran plates with 1-3 digits (1-999), and National Guard and Public plates with 1-2 digits (1-99)." *License Plates*, State of Rhode Island Division of Motor Vehicles, https://dmv.ri.gov/registrations-plates-titles/license-plates (last visited May 29, 2025).

- 1 -

Court is the defendant's appeal from the denial of its motion for attorneys' fees. These consolidated appeals came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in the appeals should not be summarily decided. After reviewing the written and oral submissions of the parties and examining the record, we are of the opinion that cause has not been shown, and we proceed to decide the appeals at this time without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

**Facts and Travel**

On June 3, 2022, a reporter for The Providence Journal sent an APRA request to the Governor's Office seeking:

> "Any list or database that shows which individuals have been assigned/issued a 'preferred plate' from January 1, 2021 to the present day. If no such list exists, I would like to receive copies (preferably in a digital format) of each individual order/directive/communication regarding preferred plates that has been sent to the [Rhode Island Division of Motor Vehicles (RIDMV)] from January 1, 2021 to the present."

On June 9, 2022, the Governor's Office denied the Journal's APRA request. The Governor's Office acknowledged that it maintains a database of "which individuals have been assigned/issued preferred plates" as well as the "communications with constituents and [the RIDMV] regarding citizens' requests for particular preferred plates"; however, it provided that such records were

- 2 -

"protected from disclosure by the federal Driver's Privacy Protection Act of 1994, 18 U.S.C. 2721, et seq. ('DPPA') and by state law, [G.L. 1956 §] 27-49-3.1 (implementing the protection of the DPPA on the state level)." The Governor's Office also maintained that the information sought was exempt from disclosure under the following statutory APRA exemptions: (1) G.L. 1956 § 38-2-2(4)(A)(I)(b), exempting "[p]ersonnel and other personal individually identifiable records otherwise deemed confidential by federal or state law or regulation, or the disclosure of which would constitute a clearly unwarranted invasion of personal privacy"; (2) § 38-2-2(4)(E), exempting "records that would not be available by law or rule of court to an opposing party in litigation"; and (3) § 38-2-2(4)(M), exempting "[c]orrespondence of or to elected officials with or relating to those they represent and correspondence of or to elected officials in their official capacities."

Thereafter, on June 29, 2022, counsel for The Providence Journal filed a complaint with the Rhode Island Office of the Attorney General pursuant to § 38-2-8(b).[3] Before the attorney general, The Providence Journal argued that the

---

[3] Section 38-2-8(b) provides: "If the custodian of the records or the chief administrative officer determines that the record is not subject to public inspection, the person or entity seeking disclosure may file a complaint with the attorney general. The attorney general shall investigate the complaint and if the attorney general shall determine that the allegations of the complaint are meritorious, he or she may institute proceedings for injunctive or declaratory relief on behalf of the complainant in the superior court of the county where the record is maintained."

DPPA and § 27-49-3.1 did not apply to its APRA request because the records sought were maintained by the Governor's Office, rather than the department of motor vehicles (DMV). The plaintiff further argued that the information sought did not fall within the statutory APRA exemptions invoked by the Governor's Office.

The attorney general's office issued its decision on June 7, 2023, concluding that the Governor's Office did not violate APRA when it denied The Providence Journal's request. The attorney general found that "[w]ith respect to this category of license plates, the Governor's Office effectively stands in the shoes of the [RIDMV]." The attorney general further provided that "regardless of whether the Governor's Office obtained these records as an agent or officer of the [RIDMV] under § 2771(a), or 'for use by a government agency' under subsection (b), this personal information was obtained in connection with a motor vehicle record * * *." Accordingly, the attorney general determined that it made "little sense to condition a driver's right to privacy in her motor vehicle records on the agency of state government that processes her request for a license plate."

LMG, The Providence Journal's publisher, subsequently filed the instant complaint for declaratory and injunctive relief against the Governor's Office on September 8, 2023. The plaintiff alleged that defendant's decision to deny its APRA request violated the disclosure requirements of APRA. Accordingly, plaintiff sought to have the Superior Court enjoin defendant from withholding the list of individuals

- 4 -

with preferred license plates and order that defendant "[p]rovide the press and public with immediate access to [such] list * * *." A justice of the Superior Court conducted a hearing on January 31, 2024. At the hearing, both parties agreed that § 38-2-2(4)(S), exempting "[r]ecords, reports, opinions, information, and statements required to be kept confidential by federal law or regulation or state law or rule of court[,]" was the reason for defendant's denial of the subject APRA request and had not been waived, despite the fact that this exemption was not specifically cited in defendant's initial denial email.

After hearing the parties' respective arguments, the hearing justice denied and dismissed plaintiff's complaint. The hearing justice stated that the language of the DPPA and § 27-49-3.1 was "clear and unambiguous in naming the entities prohibited from disclosing personal information obtained in connection with a motor vehicle record: The division of motor vehicles and any officer, employee, or contractor of the division." He further provided that "[d]espite [d]efendant's role in this case as its own agency, it acts as an agent of the DMV in reviewing and approving applications for preferred plates" and is therefore covered by the DPPA. The hearing justice reasoned that "hold[ing] that these records should be disclosed would subject the DPPA to the vagaries of state motor vehicle registration procedures or agency structures, which was clearly not the intent of Congress." Moreover, the hearing justice explained that, because the DPPA applied to the

subject records, they were exempted from disclosure under § 38-2-2(4)(S) of APRA. As such, the hearing justice concluded that "[d]efendant did not violate APRA in denying the records to [p]laintiff."

Thereafter, defendant filed a motion for attorneys' fees pursuant to § 38-2-9(d). The defendant argued that plaintiff's case lacked a grounding in fact or existing law and did not make a good-faith argument for the extension, modification, or reversal of existing law such that an award of attorneys' fees was warranted. The hearing justice found that plaintiff's case was grounded in existing law and contained a good-faith argument for extending or modifying existing law. Thus, the Superior Court denied defendant's request for attorneys' fees.

On April 30, 2024, the Superior Court entered an order denying plaintiff's petition for declaratory and injunctive relief against defendant; dismissing plaintiff's complaint; requiring that judgment enter in favor of defendant; and denying defendant's motion for attorneys' fees. Following the issuance of that order, plaintiff appealed from the denial and dismissal of its declaratory-judgment action, and defendant appealed from the denial of its motion for attorneys' fees. On December 5, 2024, this Court remanded the case for entry of final judgment, which occurred on December 24, 2024. The two appeals were then consolidated by order of this Court.

## Standard of Review

"A Superior Court decision granting or denying declaratory relief is reviewed with great deference by this Court." *Estrella v. Janney Montgomery Scott LLC*, 296 A.3d 97, 106 (R.I. 2023) (quoting *Town Houses at Bonnet Shores Condominium Association v. Langlois*, 45 A.3d 577, 581 (R.I. 2012)). "When deciding an action for declaratory judgment, a Superior Court justice makes all findings of fact without a jury." *Id.* (quoting *Langlois*, 45 A.3d at 581). "Such factual findings are afforded great weight by this Court, and will not be disturbed absent a showing that the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong." *Id.* (quoting *Langlois*, 45 A.3d at 581). However, a trial justice's findings on "questions of law and statutory interpretation are reviewed *de novo* by this Court." *Westconnaug Recovery Company, LLC v. U.S. Bank National Association as Trustee for ARMT 2007-2*, 290 A.3d 364, 366 (R.I. 2023) (brackets and deletion omitted) (quoting *Epic Enterprises LLC v. 10 Brown & Howard Wharf Condominium Association*, 253 A.3d 383, 387 (R.I. 2021)).

"The issue of whether there exists a *basis* for awarding attorneys' fees generally is legal in nature, and therefore our review of such a ruling is *de novo*." *De Vries v. Gaudiana*, 318 A.3d 1035, 1044 (R.I. 2024) (brackets omitted) (quoting *Danforth v. More*, 129 A.3d 63, 72 (R.I. 2016)). However, once "it is determined that there is an adequate legal basis for such an award, then we review a trial justice's

decision awarding or denying attorneys' fees for an abuse of discretion." *Id*. (quoting *Danforth*, 129 A.3d at 72).

## Analysis

### Declaratory Judgment

The plaintiff first argues that the Superior Court erred in concluding that the DPPA applies to defendant. The plaintiff maintains that the plain language of the DPPA is clear in that it only applies to the DMV and "any officer, employee, or contractor thereof," and that the Governor's Office does not fit that criteria. Conversely, defendant contends that the DPPA applies to it in this context because it stands in the shoes of the DMV when receiving and processing preferred-plate applications. The DPPA provides, in relevant part, that:

> "A State department of motor vehicles, and any officer, employee, or contractor thereof, shall not knowingly disclose or otherwise make available to any person or entity:
>
> "(1) personal information, as defined in 18 U.S.C. 2725(3), about any individual obtained by the department in connection with a motor vehicle record, except as provided in subsection (b) of this section[.]" 18 U.S.C. § 2721(a)(1).

"In matters of statutory interpretation our ultimate goal is to give effect to the purpose of the act as intended by the Legislature." *Sosa v. City of Woonsocket*, 297 A.3d 120, 124 (R.I. 2023) (quoting *Epic Enterprises LLC v. Bard Group, LLC*, 186 A.3d 587, 589-90 (R.I. 2018)). "It is well settled that when the language of a statute

is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Id*. (quoting *Epic Enterprises LLC*, 186 A.3d at 590). "However, when faced with an ambiguous statute, it is incumbent upon this Court to apply the rules of statutory construction and examine the statute in its entirety to determine the intent and purpose of the Legislature." *In re J.T.*, 252 A.3d 1276, 1280 (R.I. 2021) (brackets omitted) (quoting *Crenshaw v. State*, 227 A.3d 67, 71 (R.I. 2020)). In so doing, "this Court will not construe a statute to reach an absurd result." *Koback v. Municipal Employees' Retirement System of Rhode Island*, 252 A.3d 1247, 1251 (R.I. 2021) (quoting *Lang v. Municipal Employees' Retirement System of Rhode Island*, 222 A.3d 912, 915 (R.I. 2019)).

At issue here is the intent of Congress as to the meaning of the term "State department of motor vehicles" within the language of the DPPA. *See* 18 U.S.C. § 2721(a). Congress enacted the DPPA in 1994 in response to "at least two concerns over the personal information contained in state motor vehicle records." *Maracich v. Spears*, 570 U.S. 48, 57 (2013). The first concern was the "growing threat from stalkers and criminals who could acquire personal information from state DMVs" and the second concern "related to the States' common practice of selling personal information to businesses engaged in direct marketing and solicitation." *Id*. "To address these concerns, the DPPA 'establishes a regulatory scheme that restricts the

States' ability to disclose a driver's personal information without the driver's consent.'" *Id.* (quoting *Reno v. Condon*, 528 U.S. 141, 144 (2000)).

Given that the general purpose of the DPPA is to protect an individual's personal information that is obtained in connection with a motor vehicle record from being disseminated by the state, the term "State department of motor vehicles," as used in the DPPA, necessarily encompasses any state agencies that process motor vehicle records. *See United States v. Hastie*, 854 F.3d 1298, 1303 (11th Cir. 2017) (finding that an employee of the Mobile County License Commission could be held liable under the DPPA, and explaining that "[b]ecause the Mobile County License Commission participates in the state system for vehicle registration and drivers licenses, it does not matter how Alabama labels or organizes that system").

In that vein, because the Governor's Office receives and processes preferred plate applications, we are of the opinion that it is subject to the DPPA. As the hearing justice aptly stated, to hold otherwise "would subject the DPPA to the vagaries of state motor vehicle registration procedures or agency structures, which was clearly not the intent of Congress." *See Jerome v. United States*, 318 U.S. 101, 104 (1943) ("[W]e must generally assume, in the absence of a plain indication to the contrary, that Congress when it enacts a statute is not making the application of the federal act dependent on state law."). The plaintiff argues for a literal interpretation of the DPPA, however, there is no literal "State department of motor vehicles" in Rhode

Island, but rather a Rhode Island *Division* of Motor Vehicles. Therefore, a literal reading of the DPPA would see the RIDMV stripped of the protections provided therein. Such a reading would not only go against the clear Congressional intent underlying the DPPA but would lead to precisely the type of absurd result that this Court aims to avoid when engaging in statutory interpretation. *See Koback*, 252 A.3d at 1251. Accordingly, the Superior Court did not err in concluding that defendant is subject to the DPPA.

The plaintiff next argues that the Superior Court erred in concluding that the information requested was protected by the DPPA. The plaintiff contends that the list of names it requested "is not 'in connection with a motor vehicle record' but, instead, 'in connection with' license plates, which do not constitute 'motor vehicle records' * * *." (Emphasis omitted.) Moreover, plaintiff maintains that "there is only a modest privacy interest inherent in one's name * * *." In contrast, defendant asserts that a "driver's name, collected through a registration plate application," is entitled to the protections of the DPPA because it was "obtained * * * in connection with a motor vehicle record * * *."

Under the DPPA, the term "'motor vehicle record' means any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles[.]" 18 U.S.C. § 2725(1). Although the DPPA does not expressly include license plates in

- 11 -

the definition of "motor vehicle record," it does include "any record that pertains to a * * * motor vehicle registration * * *." *Id.* By statute, Rhode Island requires that a motor vehicle registration be accompanied by the issuance of a license plate, or "registration plate," to the owner of the registered vehicle. General Laws 1956 § 31-3-10 (requiring the RIDMV to issue a "registration plate" upon registering a vehicle). Therefore, it is our view that an individual's license plate application certainly pertains to his or her motor vehicle registration and, as such, the personal information contained therein is entitled to protection under the DPPA.

Finally, plaintiff's assertion as to the minimal privacy interest inherent in one's name is unconvincing. Regardless of what courts in other jurisdictions may have said about the level of privacy inherent in one's name, an individual's name is expressly included in the DPPA as one of the categories of personal information that is protected from disclosure. *See* 18 U.S.C. § 2725(3) ("'[P]ersonal information' means information that identifies an individual, including an individual's * * * name * * *."). Thus, the Superior Court appropriately concluded that the DPPA prohibited defendant from disclosing the names of individuals who have been issued preferred plates.

In light of the foregoing, it cannot be said that defendant unlawfully denied the subject APRA request. Because the information sought is protected under the DPPA, it unequivocally follows that the records requested are exempt from

disclosure under § 38-2-2(4)(S) of APRA as a matter of law. Accordingly, we affirm the judgment of the Superior Court.

## Attorneys' Fees

We now turn our attention to defendant's appeal from the denial of its motion for attorneys' fees. The defendant argues that the denial of its motion was erroneous "because [the Superior Court] did not apply the correct standard in deciding the motion." Under § 38-2-9(d) of APRA,

> "in the event that the court, having found in favor of the defendant, finds further that the plaintiff's case lacked a grounding in fact or in existing law or in good faith argument for the extension, modification, or reversal of existing law, the court may award attorney's fees and costs to the prevailing defendant."

Here, the defendant asserts that the hearing justice denied its motion due to a "lack of 'settled law' on the 'precise issue presented[,]'" which, it maintains, "is a very different standard" from whether the plaintiff's case was grounded in existing law. However, in making this argument, the defendant neglected to acknowledge that the hearing justice also found that the plaintiff's arguments were not frivolous and had "some grounding in existing law * * *." The hearing justice clearly made findings that go directly to the standard for an award of attorneys' fees under APRA. Given that the hearing justice appropriately applied the language of the statute, we find no basis upon which to conclude that he abused his discretion in denying the

defendant's motion for attorneys' fees.  As such, we affirm the order of the Superior Court.

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The papers may be returned to the Superior Court.

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | LMG Rhode Island Holdings, Inc. v. Office of Governor Daniel J. McKee. |
| **Case Number** | No. 2024-163-Appeal.<br>No. 2024-193-Appeal.<br>(PC 23-4394) |
| **Date Opinion Filed** | June 6, 2025 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Joseph J. McBurney |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Kelly L. McNamee, Esq. |
| | For Defendant:<br><br>Katherine Elaine Miller, Esq. |